**TEXAS MUT. LIFE INS. ASS'N et al. v. STATE.**

No. 1628—6311.

Commission of Appeals of Texas, Section A. March 15, 1933.

Richey & Sheehy, of Waco, and Cofer & Cofer, of Austin, for plaintiffs in error.

James V. Allred, Atty. Gen., and Everett F. Looney and Sidney Benbow, Asst. Attys. Gen., for the State.

CRITZ, Judge.

This is a quo warranto proceeding brought by the state, through its Attorney General, against the Texas Mutual Life Insurance Association, a Texas corporation, to forfeit its charter. Trial in the district court of Travis county, Tex., on an agreed statement of facts, before the court without the intervention of a jury, resulted in a judgment for the association. On appeal by the state the Court of Civil Appeals reversed this judgment, and remanded the cause for a new trial. 51 S.W. (2d) 405. The association brings error.

The Court of Civil Appeals makes a very extended and comprehensive statement of the facts and issues of this case, and in the interest of brevity we refer to such opinion for a full statement.

The state, by its petition in the district

court, sought to forfeit the association's charter on various grounds fully set out in the opinion of the Court of Civil Appeals. All of the grounds of forfeiture set out and pleaded in the state's petition were overruled by the Court of Civil Appeals. We think such rulings are correct. Logan v. Texas Mutual Life Ins. Ass'n, 51 S.W.(2d) 288 (Tex. Com. App. opinion adopted); Id. (Tex. Com. App.) 53 S.W.(2d) 299. In the case cited, all the grounds of forfeiture urged by the state in its petition in the district court are discussed, and decided in substantial harmony with the opinion of the Court of Civil Appeals in the case at bar.

The record in this case shows that the association was incorporated on June 20, 1905, under subdivision 46 of article 642, Revised Civil Statutes of Texas 1895, for the purpose of "insuring the lives of its members in this state, for the sole benefit of its members, and not for profit, and it shall have no capital stock." The record further shows that the association has complied with the laws of this state to entitle it to transact the business of insurance herein if it has not violated its charter by making a profit for itself or its officers. Neither the pleadings of the state, nor the evidence, show that the association has violated its charter in the particular named.

■■ Under the above record, the opinion of the Court of Civil Appeals holds that the trial court committed error in entering a judgment for the association. This holding is based on the further holding that the burden was on the association to prove that it had not violated that part of its charter which provides that it is incorporated "not for profit." We think this holding was error.

In connection with the above we hold that the association discharged its burden in the trial court when it produced its charter, and showed that it had complied with our laws to entitle it to do business thereunder; after this, before the state could demand a forfeiture of the association's charter for the violation of its terms, the burden rested on it (the state) to plead and prove that the association had forfeited such charter by so violating its terms. 14a C. J. p. 1138, par. 3774; 7 R. C. L. p. 734, par. 743; 7 Thompson on Corporations (3d Ed.) p. 552, par. 5795.

The rule is thus stated in 14a C. J., supra: "The information or complaint must state with precision every fact which constitutes the abuse of the franchises on which the demand for a forfeiture is predicated, and the law or provision of charter which has been violated. The mere allegation that the corporation abuses its privileges or fails to perform its duties under its charter is not sufficient. Where the act or omission is not made by statute, a cause of forfeiture irrespective of its intent or character, the information must specifically allege intention-

al or voluntary misconduct or such neglect as to indicate indifference to the demands of public duty, and so material a disobedience of the public law as to warrant a judgment of dissolution. It must show not only that a cause of forfeiture has been incurred, but also that it continues to exist. Where the information bases a request for a dissolution upon the ground of violation of a certain statute, a dissolution thereunder will not be decreed for violation of other statutes or of the common law. Where leave to sue or prosecute is necessary, the information must show that the court authorized the bringing of the action."

In 7 R. C. L., supra, the rule is thus stated: "It is well recognized that a corporation may be required to produce its books and documents in evidence in civil proceedings to forfeit its corporate franchises for a misuse thereof. The burden of showing that a corporation has committed or omitted acts which are relied on as ground for the forfeiture of its charter is upon the party alleging the forfeiture. The admissibility of evidence in proceedings to declare a forfeiture, as well as the weight thereof, is governed by the rule applicable to civil proceedings generally."

In 7 Thompson on Corporations, supra, the rule is thus stated: "Where the proceeding is to forfeit for the misuse, nonuse or abuse of a franchise properly granted, the proceeding is in the nature of a public accusation of a public offense and if the state establishes the existence of the offense the judgment is highly penal. Proceedings of this character are analogous to criminal actions and the burden is upon the state in the first instance as in a criminal case. It follows that the attorney-general must set forth the accusations upon which the state demands the judgment with clearness and definiteness as to every essential matter. The specific ground of forfeiture must be set out in a direct and traversable form."

It is true, as shown by the opinion of the Court of Civil Appeals, that there is evidence in the record sufficient in law to show that the association collects annually substantial sums for its expenses, but there is no showing in the record of what is done with this money. Furthermore, there is no showing as to what the association's expenses amount to. Such a record would be utterly insufficient in law to convict the association of violating its charter by making a profit.

■ There is a further reason why we think the Court of Civil Appeals erred in reversing the judgment of the trial court on the question of profits. The agreed statement of facts shows that according to the association's charter, it was incorporated for the purpose of "insuring the lives of its members * * * and not for profit," etc. The agreed statement of facts further shows that this association "has engaged in the business of in-

suring the lives of its members, as authorized by its charter, continuously since its issuance," etc. Also the state offered no other evidence as to profits. Clearly the word "as," used in connection with the ensuing clause, "authorized by its character," can have no other meaning than *in accordance with*. Certainly the association could not insure its members at a profit, and at the same time insure them *in accordance with* its charter. This is because the charter expressly required the association to insure its members only, and to insure them "not for profit."

As demonstrated above, the district court entered the only judgment it could have entered under the record before it, and the Court of Civil Appeals was not authorized to reverse an errorless judgment.

We recommend that the judgment of the Court of Civil Appeals be reversed and the judgment of the trial court affirmed.

CURETON, Chief Justice.

Judgment of the Court of Civil Appeals reversed, and judgment of the district court is affirmed.

GREENWOOD, J., not sitting.