## STATE v. FIRST DIVINE ASS'N IN AMERICA, Inc.

No. 15338.

Court of Civil Appeals of Texas. Fort Worth.

April 4, 1952.

Rehearing Denied May 2, 1952.

Price Daniel, Atty. Gen. of Texas, Calvin B. Garwood, Jr., Asst. Atty. Gen., and J. A. Amis, Jr., Asst. Atty. Gen., for appellant.

Blair & Randle, of Austin, and Armond G. Schwartz, of Hallettsville, for appellee.

RENFRO, Justice.

Suit was brought for and on behalf of the State of Texas, appellant, by the Attorney General, in the nature of a quo warranto to cancel the charter of the First Divine Association in America, Inc., appellee. A motion to dismiss, which was essentially an enlargement of special exceptions theretofore filed by appellee, was sustained by the court. Appellant declined to amend its original petition, and the court entered a judgment of dismissal.

A copy of the charter issued to appellee and the by-laws adopted by it were attached to appellant's petition for forfeiture of charter.

Appellee was incorporated under Article 1396, R.C.S., as a religious and charitable corporation. The charter reads in part, "This Association is formed for the purpose of organizing 'The First Divine Association in America' in the name of Almighty God, for the specific purpose of Preaching of the Divine Lord's Gospel, Divine Prayer, Hospitalization of the sick, Organizations of Schools, Teaching Vocal and Instrumental Music, Athletic Societies, Men and Women's Nurse Quarters, grounds for Park Sites of said Association, and in its name, the same to be conducted upon a non-profit basis."

The by-laws provide that the Board of Trustees shall have "the management and control of such business of the religious association * * * and may dispose of funds on hand, voluntary donations to the Association * * * as may seem to the best interests of the Association and the carrying on of its humanitarian mission on this earth."

The petition for forfeiture of the charter alleges that on two occasions in 1943 appellee paid out money to the Brethren Service Committee, which it alleges was a misappropriation of funds, and that in 1943 money was paid for board and keep of boys of the organization who were confined to camp for conscientious objectors, and contains a general allegation that additional funds were paid to organizations for the remaining war years for room and board of the boys in camp for conscientious objectors, and that such payments were misappropriation of funds. The allegations concerning such payments to the Brethren Service Committee and payments for the benefit of appellee's members who were conscientious objectors were not sufficient to show misappropriation or misuse of appellee's funds.

Article 1397 provides that the secular affairs of a religious corporation shall be under the control of a board of trustees, and Article 1349 provides that nothing therein shall prohibit the corporation from contributing to any bona fide association, incorporated or unincorporated, organized for purely religious, charitable or eleemosynary activities.

Appellant's petition does not allege that the Brethren Service Committee is an illegal institution or such an institution as is prohibited from receiving funds from appellee, and under the religious purpose of the appellee, as set out in its charter, we think the appellant has failed to sufficiently allege that the payments for the benefit of members of its organization were illegal or in violation of the charter. The court did not abuse his discretion in requiring fuller pleadings.

The appellant alleges that appellee paid an attorney's fee for services rendered to B. A. Knocke (now deceased) individually and said sum was a misappropriation. The allegation does not state when said payment was made.

The appellant further alleges that there have been periodical cakewalks, picnics, or dances from which profit was made and

which money was unaccounted for, and that in 1945 appellee purchased a dance hall which was operated and open to the public at a nominal charge; that the buying of the dance hall and hiring of dance bands constituted misappropriation of the funds; and that from April, 1947, to September, 1948, profits were made from the operation of a cafe and that such profits were dissipated and spent in a manner contrary to the provisions of appellee's charter. Generally, where the fact question is of a nature to be fairly considered incidental or auxiliary to such business, it will not be unlawful because not within the literal terms of the corporate grant. State v. San Antonio Public Service Co., Tex.Com. App., 69 S.W.2d 38. The complaints as to the dance hall and cafe, cakewalks and picnics, as alleged, were references to incidental matters which might have been carried on by the corporation for the benefit and welfare of its members. The appellant does not allege what was done with the profits nor how much profit was made. It is a matter of common knowledge that charitable and religious associations of various kinds maintain kitchens and dining rooms, or lunch counters, where meals are served at cost or at very low profit for the benefit of their members. The court was correct in holding that the allegations were not specific enough as to the amount of profits and disposition of same, and that the allegations did not show that the matters complained of were of such a nature as to amount to a commercial enterprise, to the extent of subjecting appellee to a forfeiture of its charter.

Appellant alleges that the appellee had failed to establish and maintain a school as provided in the charter and that no facilities were maintained for nurses' quarters.

■■ The fact that the charter's powers are broader than the business in which the corporation is engaged is not a valid ground for forfeiture of its charter's privileges in the absence of some rule of public policy which would require it to engage in every form of business its charter would authorize. State v. Guardian Foundation of Texas, Tex.Civ.App., 128 S.W.2d 880. As we construe the charter of appellee, its main purpose is the preaching of the Divine Lord's Gospel. In order for the appellant to be entitled to forfeit the charter because a school and nurses' quarters were not maintained, it was necessary that it allege facts showing that the failure to so maintain a school and nurses' quarters was a nonuse of the charter's powers amounting to the abandonment of one of the main reasons for the issuance of the charter.

We will not set out appellee's exceptions in detail. Suffice it to say that appellee excepted to all of the allegations in appellant's petition and particularly pointed out that nothing therein showed the corporation as having violated the laws of the State or of being guilty of any act whatsoever justifying the cancellation of its charter.

■ The Supreme Court in State v. Dyer, 145 Tex. 586, 200 S.W.2d 813, 816, laid down the rule that "in suits brought for the purpose of dissolving a corporation, courts will proceed with caution and will declare a forfeiture of the charter or a dissolution of the corporation only in a clear case", and in Texas Mutual Life Insurance Association v. State, Tex.Com. App., 58 S.W.2d 37, it was held that the information or complaint must state with precision every fact which constitutes the abuse of the franchise on which the demand for a forfeiture is predicated and the law or provision of charter which has been violated. The mere allegation that the corporation abuses its privileges or fails to perform its duties under its charter is not sufficient. Where the act or omission is not made by statute a cause of forfeiture irrespective of its intent or character, the information must specifically allege intentional or voluntary misconduct or such neglect as to indicate indifference to the demands of public duty and so material a disobedience of the public law as to warrant a judgment of dissolution. It must show not only that a cause of forfeiture has been incurred, but also that it continues to exist.

Applying the foregoing rules to the allegations before us, we have reached the conclusion that the trial court did not err in sustaining appellee's special exceptions

and upon the refusal of the appellant to amend its petition the court did not abuse its discretion in dismissing the application for quo warranto proceedings.

The appellant does not contend that any of the acts complained of are being committed at the present time.

A study of appellant's petition shows that it did not allege with precision facts showing violation of the charter or of the laws of this State so as to subject it to the harsh penalty of forfeiture. The appellant did not ask for injunction or other relief but for outright forfeiture of appellee's charter.

■ The appellant filed its petition on August 10, 1950, and appellee's exceptions were filed on September 2, 1950; more than a year later, to-wit, November 5, 1951, appellee's motion to dismiss was filed, and the motion to dismiss was granted on November 13, 1951. Therefore, the appellant was on notice for more than a year of appellee's contentions that appellant's petition did not, with sufficient clarity and exactitude, set out reasons for the forfeiture of appellee's charter. Appellant had ample time within which to amend and in view of its refusal to amend after the court sustained appellee's exceptions, we see no abuse of discretion or error on the part of the court in sustaining the exceptions.

In considering the exceptions, we think the court was entitled to take into consideration the circumstances as set out in appellant's petition and the time which had elapsed since the occurrence of the matters of which appellant complains. Of course limitation did not run against the State, but in view of the long lapse of time we think appellee was entitled to know exactly what the appellant was going to rely upon at that late date to forfeit its charter.

As heretofore stated, the main purpose of the corporation apparently was the preaching of the Divine Lord's Gospel or the worship of God according to the belief of the members of that particular association. The State does not allege that the corporation is not at the present time, or at the time suit was brought, continuing to perform the essential and main purpose of its incorporation. The appellant has pointed out no way in which the public or any individual will be benefitted by forfeiture of the charter. Since the appellant does not attack the present position of the appellee as being a charitable and religious corporation and does not allege it is not so engaged at the present time, we think the court was clearly justified in requiring the appellant, before the introduction of testimony, to plead with clearness and definiteness essential matters showing that the appellant was entitled to ask for the forfeiture of charter.

We therefore hold that the trial court did not abuse his discretion in sustaining appellee's exceptions and upon the appellant's refusal to amend, dismissal was proper.

The judgment of the trial court is affirmed.