## UNIVERSAL LIFE & ACCIDENT INS. CO.
### v. BEATY.
### No. 2574.

Court of Civil Appeals of Texas. Waco.

Jan. 20, 1944.

Irwin T. Ward, of Cleburne, for appellant.

R. A. Kilpatrick, of Cleburne, for appellee.

HALE, Justice.

Appellee, Novela Beaty, sued Universal Life & Accident Insurance Company for recovery under a policy of insurance by the terms of which the company promised to pay her the sum of $500 upon the death of her husband, Jack Beaty, while the policy was in force, if such death should result, exclusively and independently of all other causes, through external, violent or accidental means within ninety (90) days from the date of accident. The insured died while the policy was in force. Upon the conclusion of the evidence the case was submitted to a jury on one special issue, in response to which the jury found from a preponderance of the evidence that the death of Jack Beaty resulted, exclusively and independently of all other causes, through external, violent or accidental means. The court thereupon rendered judgment in favor of appellee and the Insurance Company has appealed.

Appellant says the judgment should be reversed and here rendered in its favor because the trial court erred in overruling (1) its motion of an instructed verdict, (2) its motion for judgment non obstante veredicto, and (3) its motion for a new trial based upon the rulings of the court on its two preceding motions.

Appellant's motion for a directed verdict did not state the specific ground therefor as required by Rule 268, Texas Rules of Civil Procedure. Its motion for judgment non obstante veredicto was based upon the ground that the answer of the jury to the sole question submitted was not supported by the evidence, it being therein specified that "there is no evidence in this record that the alleged accidental fall from the ladder on the afternoon of Friday, March 26, 1943, caused the said Jack Beaty to suffer the cerebral hemorrhage from which he died on the following Wednesday, March 31, 1943." The record does not affirmatively show that appellee was given any notice of appellant's motion for judgment non obstante veredicto as required by Rule 301,

Texas Rules of Civil Procedure, or that such notice was waived. Hines v. Parks, 128 Tex. 289, 98 S.W.2d 970. However, we have carefully considered the evidence in the case and have concluded that the court did not err in overruling either motion, even though both had been seasonably filed and presented in the manner and form and under the circumstances required by law and the rules of procedure.

It is elemental that the burden rested upon appellee to prove her case by a preponderance of legal evidence. Although appellant did not offer any testimony at the trial, it was not required to do so in order to complain of the insufficiency of the evidence to support a judgment against it. Before appellee was entitled to have the case submitted to the jury it was necessary for her to introduce some competent evidence tending to show that the insured's death resulted, exclusively and independently of all other causes, through external, violent or accidental means within ninety (90) days from the date of the accident causing death. But this essential issue to recovery could be raised, like any other issue, either by direct or circumstantial evidence. Moreover, in passing upon the sufficiency of the evidence as a whole to raise such issue, it is the duty of this court to view the evidence in its entirety and all reasonable inferences that may be drawn therefrom in the light most favorable to the verdict of the jury,

There was direct evidence to the effect that on Friday, March 26, 1943, while the insured was on a ladder six or seven feet above the floor, engaged in stacking cans of fruit on the shelves of the store where he was employed, the ladder slipped and he accidentally fell to the floor; he did not finish stacking the cans of fruit on the shelves after the accident and although he remained at the store and did some light work on Saturday and Monday following, he constantly complained that he was stiff, sore and suffering from pain; on Tuesday, March 30th, he became so ill at the store that he was taken to his home; on Wednesday, March 31, 1943, at 4:30 A. M., his wife called a doctor to attend him and at 2:30 P. M. of the same day he died. There was also direct evidence to the effect that the insured was forty-five years of age at the time of his death; he had not been sick for a period of more than ten years prior to the accident, he had no chronic diseases, made no complaints, had lost no time from his work on account of his health, and his death was not apparently contributed to by any cause other than cerebral hemorrhage. Appellee testified that she told the doctor who attended her husband on the day of his death that he had fallen from a ladder and the doctor then stated that the fall was not the cause of his illness. The doctor who attended the insured on the day of his death testified that in his opinion the insured's death was due to cerebral hemorrhage but that he did not know what had caused the cerebral hemorrhage; that cerebral hemorrhage may be caused either by sickness or by an external blow or injury; and that appellee did not tell him when he attended the insured that the latter had fallen from a ladder on March 26, 1943.

We have carefully examined each of the authorities cited in appellant's brief but in our opinion none of them is controlling in its application to the evidence in this case. Here we have direct evidence of a definite accident sustained by a robust man forty-five years of age who was in good health at and for a long time prior to such accident, which was followed immediately and continuously to the time of death by symptoms of substantial injury consistent with cerebral hemorrhage. Not only so, but we have direct evidence from a competent physician that the insured's death, which ensued within five days after the accident, was in his opinion due to cerebral hemorrhage and that cerebral hemorrhage may be caused by an external blow or injury. Thus, under the record before us, we cannot say there was no evidence tending to show that the insured's death resulted, exclusively and independently of all other causes, from the accidental injury which he sustained on March 26, 1943, or that the facts and circumstances raised by the direct evidence were insufficient as a matter of law to form the basis for a legal inference that such was the ultimate fact in controversy. Consequently each of appellant's points and assignments is overruled and the judgment of the trial court is affirmed.