## NATIONAL LIFE & ACCIDENT INS. CO. v. BEATY.

### No. 2584.

Court of Civil Appeals of Texas. Waco.

March 2, 1944.

Rehearing Denied March 16, 1944.

W. A. Hawkins, of Fort Worth, and A. W. Christian, of Dallas, for appellant.

R. A. Kilpatrick, of Cleburne, for appellee.

TIREY, Justice.

Narvella Beaty, as beneficiary, sued The National Life & Accident Insurance Company for recovery on a policy of insurance issued and delivered by said Company to her husband, by the terms of which the Company promised to pay her the sum of $200 upon the death of her husband, Jack Beaty, while the policy was in force "if due directly (and independently of all other causes) from bodily injury, which is sustained while this policy is in force and which is effected accidentally and through

external means * * *." It was stipulated that the insured died while the policy was in force. At the conclusion of the evidence, defendant presented its motion for an instructed verdict in accordance with Rule 268, T.R.C.P., which was overruled. The case was submitted to a jury on two special issues, in response to which the jury found, from a preponderance of the evidence, (1) that the death of Jack Beaty resulted "directly (and independently of all other causes) from a bodily injury effected accidentally and through external and violent means"; and (2) that a reasonable attorney's fee was $75. The decree followed the verdict and the Insurance Company has appealed.

The judgment is assailed substantially on two grounds: (1) That there is no evidence to sustain the jury's finding to Special Issue No. 1; and (2) that the evidence is insufficient to sustain such finding. We cannot agree with either contention.

The evidence is without dispute that the insured was a man forty-five years of age; that he was a common laborer employed at a grocery store and that on Friday, March 26, 1943, he was engaged in the performance of his duties and was standing on a ladder some six feet from the floor, stacking cases of fruit weighing 35 or 40 pounds; that while so engaged the ladder slipped and he fell to the floor; that he never finished stacking the boxes; that he complained constantly from the time of the fall, and that he was stiff and sore and hurt all over, and he complained of pain in his shoulders and head; that he never did any more strenuous work around the store after the fall; that he became ill on the following Tuesday and had to be taken home in a truck; that a physician was called to see him about four o'clock in the morning on March 31st, and that he died at 2:30 P. M., on the same day; that prior to the accident insured had not been sick, was in good health, had never complained, nor had he lost any time on account of ill health, and he had no chronic disease, and prior to the accident had not had the services of a physician for six or seven years. The attending physician testified in part:

"Q. Well, just tell the jury what was the diagnosis of Jack Beaty when you saw him and the cause of his death. A. Apparently, I would place it as cerebral hemorrhage, a brain hemorrhage. * * *

"Q. What is the cause of a cerebral hemmorhage, Doctor? A. That can be brought on by illness or by accident. * * *

"Q. Dr. Ball, a fall could cause a cerebral hemorrhage, that is correct, is it not? A. Yes, various types of injury to the head could do that.

"Q. Now it wouldn't necessarily mean that death would be instantaneous would it Dr. Ball? A. No. * * *

"Q. You haven't changed your diagnosis that he died of cerebral hemorrhage. A. I have not. * * *

"Q. And the cerebral hemorrhage could have been produced at the time he fell? A. Yes, sir."

The Insurance Company offered no testimony.

It would serve no useful purpose to quote further from the testimony tendered except to say that we think it is ample to sustain the jury's verdict. Substantially the same factual situation was presented to this court in Universal Life & Accident Insurance Co. v. Novela Beaty, 177 S.W.2d 244. See also 17 Tex.Jur. 907, secs. 409, 410; 3 Tex.Jur. 1090, sec. 765, and authorities there cited. We have carefully examined the authorities presented by appellant but they are not applicable to the factual situation here presented. It is obvious that Special Issue No. 1 was tendered by the evidence, and the jury having answered such issue against the Insurance Company, there is nothing for it to do except to comply with the obligations contained in its contract with the beneficiary.

The judgment of the trial court is affirmed.