**COMMONWEALTH CASUALTY & INS. CO. v. LAURENCE et al.**

No. 15065.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 16, 1949.

Rehearing Denied Oct. 14, 1949.

Margaret A. Brand, of Dallas, for appellant.

L. F. Howard & Garland Flowers, both of Fort Worth, for appellees.

HALL, Justice.

Appellant, Commonwealth Casualty & Insurance Company, issued a health and accident policy to O. R. Hunt, now deceased, wherein appellee, Mildred H. Laurence, his daughter, was named beneficiary. She alleged in her petition that the insured, her father O. R. Hunt, died from accidental injuries received on January 19, 1948 directly and independently of all other causes.

Appellant defended on the theory that the insured's death was primarily caused by coronary occlusion and that the secondary and contributing cause was coronary disease of the heart.

The case was tried to a jury and in answer to special issues it found, (1) that the injury sustained by the insured on Jan-

uary 19, 1948 caused his death directly and independently of all other causes, and (2) that said insured was not suffering from coronary disease prior to the time of such injury.

The court rendered judgment in favor of appellee for the principal sum specified in the policy. Appellant appeals, assigning as error that (1) the court should have granted its motion for an instructed verdict at the close of plaintiff's testimony; (2) the court should have granted its motion for an instructed verdict at the close of all testimony; and (3) the court should have granted its motion for judgment non obstante veredicto.

■ Since the principal question involved is based upon whether or not the record contains sufficient evidence to support the judgment, we will discuss appellant's three points of error together, and while doing so we shall keep in mind our duty of reviewing the evidence, in its entirety, together with all reasonable inferences that may be drawn therefrom, in the light most favorable to said judgment. We shall also bear in mind the elementary rule of placing the burden upon appellee to prove her case by a preponderance of legal and competent evidence to the effect that the insured's death resulted exclusively and independently of all other causes, through external, violent or accidental means within ninety days from date of the alleged accident, which task may be proven, however, by direct or circumstantial evidence as in other civil cases. Appellee presented the following testimony to support the judgment:

One Marshall Lindsey testified that on January 19, 1948, while ice and snow were on the sidewalks and streets of the City of Fort Worth, he saw a man lying on the curb in the 1400 block on North Main, who was picked up by some people and placed in an ambulance.

J. W. Myatt testified that he was an employee of Shannon's Undertaking Company and that he answered a call on or about 8:00 o'clock A.M. on January 19, 1948 to go to the end of the 1400 block on North Main Street; that he was driving an ambulance and the streets and sidewalks were icy and slippery; report of the call was that a man had fallen on the ice; when they got there they did not want to take the cot out of the back unless they had to on account of its being slippery, so he went around and asked the injured man (who was later proved to be the deceased Hunt) if he could walk to the ambulance by his and the attendant helping him; the answer was to the effect that he could not walk, that he had hurt his back pretty bad; so they placed him on the cot and on into the ambulance. He insisted that his back was hurting pretty bad; he cautioned them several times about driving too fast, saying it was pretty dangerous and "there is no use to hurry, my boys, I am done for * * * my back is done for, I think my back is broken. * * *" They carried him to the St. Joseph Hospital and the very next day the witness Myatt was called again to the hospital and he carried the body of the same man away to the undertaking parlor for the purpose of preparing it for burial.

B. E. Kirkham testified that he had known the deceased Oliver Hunt since 1916; that he saw him every night and morning for the last twelve months next preceding his death, during which time he appeared to be in good health; he worked every day except during vacation, that the deceased was very happy and never had complained about his condition. That Hunt occupied an apartment in the house where witness resided; that he saw Hunt in the hospital and had a conversation with him; that Hunt was complaining with his back; the deceased told him about slipping and falling upon the concrete, told him he was hurting badly and said "when he fell something popped like a stick, something popped." That he saw him again about 2:00 o'clock A.M., that he was present when the body of the deceased was removed from the hospital, that he saw the lower part of the body of deceased and that it was very much bruised, that from the lower part of the hip to the knee joint was black and blue underneath.

Dr. T. G. Rumph in answer to a hypothetical question stated: "Supposing he

did have a coronary that killed him very quickly. It is my opinion that it was precipitated by the fall, if he did have a coronary." In connection ·with this testimony it is noted the jury found the deceased did not have a coronary prior to the injury.

An X-ray examination of the deceased's spine revealed a fracture of the tenth dorsal vertebra.

█ Other circumstantial evidence was introduced by appellee which we deem unnecessary to discuss since we find the evidence introduced by appellee is sufficient to meet the burden placed upon her to prove by competent evidence that her father's death was brought about exclusively and independently of all other causes through external, violent or accidental means within ninety days from the date of his accident. He was injured one day and died the next day, having suffered with pain in his back continuously.

Appellant insists that the evidence which it introduced shows conclusively that the sole and independent cause of deceased's death was not from injuries received in the fall but from a coronary occlusion which he suffered on January 20, 1948 just prior to his death, and in support of this contention offered the testimony of three physicians who testified to that effect.

We have carefully examined the record in this case and considering the same in connection with appellant's points of error we find that whatever evidence appellant introduced is not controlling. We further find from the record in the case and under the following authorities appellant's three assignments should be overruled: McVeigh v. International Travelers Assurance Co., Tex.Civ.App., 101 S.W.2d 644, writ dismissed; Scanlan v. Metropolitan Life Ins. Co., 7 Cir., 93 F.2d 942, 943; American Casualty Co. v. Jones, Tex.Civ.App., 146 S.W.2d 423; Metropolitan Life Ins. Co. v. Funderburk, Tex.Civ.App., 81 S.W.2d 132, writ dismissed; and Universal Life & Accident Ins. Co. v. Beaty, Tex. Civ.App., 177 S.W.2d 244.

Judgment of the trial court is affirmed.