**D. A. HALFORD, Appellant,**

v.

**Earl F. PERRY, Appellee.**

No. 15363.

Court of Civil Appeals of Texas.

Dallas.

Feb. 7, 1958.

Blakeley, Blakeley, Hall & Fults, Robert C. Fults, Dallas, for appellant.

John D. Griggs, Dallas, for appellee.

YOUNG, Justice.

Appellee's suit in trial court was for property damage growing out of an intersectional collision between automobiles, one driven by appellant's wife, Mrs. D. A. Halford, and the other by Mrs. E. F. Perry, wife of plaintiff. On jury trial and answers to special issues, a plaintiff's judgment was rendered for $700, interest and costs, defendant here appealing.

The locale was West Seventh and Bonham Streets, Grand Prairie—an uncontrolled intersection—plaintiff Mrs. Perry traveling north on West Seventh and Mrs. Halford east on Bonham. Time of accident was about Noon on May 13, 1956.

Plaintiff had charged defendant with negligence proximately causing the collision in failing to keep a proper lookout; to timely apply her brakes; to yield the right-of-way; in driving at an excessive rate of speed; in the alternative, discovered peril; the jury answering all of said issues against defendant, inclusive of issue 13 that the driver of plaintiff's vehicle had first entered the intersection. Plaintiff's wife in turn was found to have failed to keep a proper lookout which was a proximate cause of the collision. Reasonable cash market value of the Perry Buick car in Dallas County immediately before the collision was fixed at $1,950, and immediately thereafter, $1,250.

It will be noticed that Mrs. Perry having been found guilty of contributory negligence, her recovery was based upon the alternative findings on discovered peril; in other words, that Mrs. Halford prior to the collision had discovered and realized Mrs. Perry's car to be in a perilous position from which the latter could not or might not extricate herself,—a situation discovered by Mrs. Halford in time to have avoided the collision with safety to herself and vehicle, proximately resulting in the damages sued for.

After jury verdict and pursuant to Rule 301, Texas Rules of Civil Procedure, defendant had filed motion for judgment non obstante veredicto, alleging that the issues on discovered peril were entirely without support in the evidence and should be disregarded; and that, considering plaintiff's own contributory negligence, the result should have been a defendant's judgment. Such motion was overruled and constitutes defendant's single point of appeal.

Appellee objects to any consideration of said point 1, asserting that (1) defendant had made no objection on the trial to submission of this issue on discovered peril; and (2) that in fact defendant had agreed thereto, on condition that plaintiff's counsel would not object to defendant's issue No. 24 (whether Mrs. Halford was acting at the time under an emergency, answered in the negative). However, no such agreement or understanding between counsel appears in the record. Rule 11, T.C.P. The further objection to appellant's point is also untenable. Rule 279, formerly Art. 2190, Vernon's Ann.Civ.St., provides in part: "A claim that the evidence was insufficient to warrant the submission of any issue may be made for the

first time after the verdict, regardless of whether the submission of such issue was requested by the complaining party." By invoking Rule 301 (Judgment n. o. v.), and its outlined procedure, a party may raise the question that the evidence is insufficient to warrant the submission of an issue, even where no objection has been made thereto. 3–A Tex.Jur., Appeal and Error, p. 249; 3–B Tex.Jur., p. 325; 41–B Tex. Jur., p. 753; Hancock v. Sammons, Tex. Civ.App., 267 S.W.2d 252; Service Life Ins. Co. v. Miller, Tex.Civ.App., 271 S.W. 2d 301.

◼ Appellant complains that the discovered peril issues "were not supported by the evidence and alternatively, that the evidence was wholly insufficient to support the submission of said issues; and in this connection, Appellants say that the jury's answers to said issues were contrary to the great weight and preponderance of the evidence and was so contrary thereto as to show bias and prejudice on the part of the jury." Relevant thereto is Ford v. Panhandle & S. F. Ry. Co., 151 Tex. 538, 252 S.W.2d 561, 562: "The quantum of proof required of the plaintiff on these elements of discovered peril in order to entitle him to have them submitted to the jury was such facts and circumstances as taken together with all reasonable inferences therefrom, constituted some evidence of probative force of their existence. * * * In determining whether the plaintiff discharged this burden we must view and interpret the evidence in the record in its most favorable light to the plaintiff, disregarding all evidence and inferences therefrom favorable to the defendant."

◼ We have carefully reviewed the extensive testimony concerning this accident as detailed by each of the two car drivers, and conclude that issues of discovered peril are implicit in the statements of Mrs. Halford on cross-examination. The streets at the location were of same width—28 feet. Admitted by Mrs. Hal-

ford and as found by the jury, plaintiff's car had first entered the intersection. Her vehicle was struck at left rear fender, clearly demonstrating that front of same was well past center of intersection at moment of impact. Mrs. Halford testified to being five or six feet short of the intersection when she saw the Perry car already in the intersection, the latter car moving about one-third of its length ahead before they collided; that no vehicles were to the rear of the Perry car; and although stoutly maintaining that all she could do was to apply her brakes, yet admitted that there was nothing to prevent her from turning to the right. Thus the jury might reasonably have concluded that the striking of left rear fender of plaintiff's car could have been avoided.

The point is overruled and judgment of trial court affirmed.