Eugene A. HANN, Appellant,

v.

**LIFE & CASUALTY INSURANCE COMPANY OF TENNESSEE, Appellee.**

No. 13278.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 19, 1958.

Rehearing Denied March 19, 1958.

Albert Joe Saegert, Seguin, Tom I. McFarling, Schleyer & Bartram, New Braunfels, Threlkeld, Saegert & Saegert, Seguin, for appellant.

Eskridge, Groce & Hebdon, Frank P. Christian, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This is a suit on two insurance policies for accidental death benefits. Appellant, Eugene A. Hann, alleged that her husband, Grover C. Hann, the insured, was injured in an automobile accident and that he died two days later, his death being the result of personal injuries sustained solely through violent external and accidental means. The cause was tried to a jury and, on the basis of the jury's findings, the court rendered judgment on June 5, 1957, in favor of appellant. However, on July 27, 1957, the court granted appellee's motion for judgment non obstante veredicto, set aside the judgment of June 5, 1957, and rendered judgment that appellant take nothing.

Appellant contends that appellee's motion for judgment non obstante veredicto was both filed and heard too late. The jury's verdict was received May 31, 1957, and on June 5, 1957, judgment on the verdict was rendered in appellant's favor. On June 11, 1957, appellee filed its motion for a new trial; on June 28, 1957, without asking or receiving leave of the court, appellee filed its amended motion for a new trial and on the same date also filed its motion for judgment non obstante veredicto. After finding that it was timely filed and presented, the trial court granted the motion non obstante veredicto and rendered judgment in appellee's favor.

Appellant's first contention is that appellee's amended motion was a nullity because it was filed without leave of the court, and, therefore, appellee's original motion for a new trial was overruled by operation of law thirty days from the day it was filed, which would have been July 13, 1957. In this appellant is mistaken. Since the adoption of Rule 329-b, Texas Rules of Civil Procedure, effective January 1, 1955, the motion would not be overruled by operation of law until forty-five days after it was filed, which would be July 27, 1957, the day upon which appellee's motion for judgment non obstante veredicto was granted. Therefore, even if the amended motion for new trial was a nullity, the motion for judgment non obstante veredicto was timely passed upon. The rules do not provide for a time limit on the filing and passing upon of a motion non obstante veredicto, therefore, such motion may be filed even after the court has rendered judgment on the verdict, and may be acted upon any time before the motion or amended motion for a new trial has been overruled, either by the court or by operation of law.

The third ground set out in the motion for judgment non obstante veredicto reads as follows:

"In order for the Plaintiff to recover on the two insurance Polices on which she brought suit it was necessary for her to prove and obtain a finding that there was a visible contusion or wound on the exterior of the body of the insured as provided in both Policies. The Plaintiff did not obtain such a finding and having failed to meet her burden of proof is not entitled to recover anything against the defendant."

The trial court, in attempting to submit to the jury the question as to whether there were visible contusions or wounds upon the exterior of insured's body, of the

injury causing his death, submitted Special Issue No. 4, reading as follows:

"Do you find from a preponderance of the evidence that the exterior of the Body of Grover C. Hann showed any visible marks or evidences caused from such accidental bodily injuries, if any, to the said Grover C. Hann?"

which the jury answered in the affirmative. Appellee excepted to this issue, among other things, because it was not in the language of the policies relating to this matter, and its exception was overruled. In this action the court may have erred, but the court's error in overruling an exception to the charge is not such an error as can be raised by a motion for judgment non obstante veredicto. The court can only grant a motion for judgment non obstante veredicto where an instructed verdict would have been proper. Rule 301, T.R.C.P.; Houston Fire and Casualty Ins. Co. v. Walker, 152 Tex. 503, 260 S.W.2d 600; Crow v. City of San Antonio, Tex.Civ.App., 294 S.W.2d 899; Wilderspin v. Bewley Mills, Inc., Tex.Civ. App., 298 S.W.2d 636. An issue in the same form as here used was held sufficient by the Court in American National Insurance Co. v. Fox, Tex.Civ.App., 184 S.W.2d 937.

■ The motion for judgment non obstante veredicto did not challenge one or more special issues, but, on the contrary, only asked for judgment notwithstanding the entire verdict. From such a motion we must presume that each issue was supported by the pleadings and the evidence. Service Life Ins. Co. v. Miller, Tex.Civ.App., 271 S. W.2d 301; Rules Nos. 300 and 301, T.R.C. P.

■ Before the court could properly have disregarded the jury's answer to Special Issue No. 4, the motion non obstante veredicto would be required to single out this issue and ask that its answer be disregarded. Traders & General Ins. Co. v. Heath, Tex.Civ.App., 197 S.W.2d 130. In appellee's motion non obstante veredicto there was no request that the answer to any one or more issues be disregarded, it requested that the entire verdict be disregarded. Jinks v. Whitaker, 145 Tex. 318, 198 S.W.2d 85.

■ Appellee contends that the trial court properly granted its motion for judgment non obstante veredicto, because there was no evidence that the deceased insured had a visible wound or contusion on the exterior of his body. We have serious doubts if appellee can here raise this question, under the authorities we have cited above, as it failed to ask that the jury's answer to Special Issue No. 4 be set aside as being unsupported by the evidence. But if we be mistaken in this, then there was evidence of such contusion. Appellant testified that the insured's neck was swollen and he was spitting up blood. One doctor testified that these facts were evidence that insured had either sustained a broken rib and it had pierced a lung, or he had received a neck injury which affected his breathing, and that either condition could have caused his death.

In answer to the special issues submitted, the jury found that:

1. Insured, while driving his private car on the Randolph Field-Seguin Highway, had an accident to his car on December 16, 1955.

2. Such accident to the private car of insured directly and proximately caused accidental bodily injuries to insured.

3. Such accidental bodily injuries resulted in the death of insured.

4. The exterior of the body of insured showed visible marks or evidences caused from such accidental bodily injuries.

This verdict of the jury, when taken in connection with the undisputed evidence, warranted the judgment rendered by the

trial court on June 5, 1957, and the court erred in setting it aside.

■ Appellee contends that the policies provide that insured's *death* had to be caused solely by violent, external and accidental means, and that appellant failed to secure such a finding from the jury. We do not agree. The only requirement in the policies is that insured's *injuries* be caused solely by violent external and accidental means. Bankers' Health & Accident Co. of America v. Shadden, Tex.Civ.App., 15 S.W.2d 704; Commonwealth Casualty & Ins. Co. v. Laurence, Tex.Civ.App., 223 S. W.2d 337; McVeigh v. International Travelers Assur. Co., Tex.Civ.App., 101 S.W.2d 644; Provident Life & Accident Ins. Co. v. Huston, Tex.Civ.App., 305 S.W.2d 837; Benefit Association of Railway Employees v. Armbruster, 224 Ala. 302, 140 So. 356; Clay County Cotton Co. v. Home Life Ins. Co. of New York, 8 Cir., 113 F.2d 856.

■ Appellee has not filed any cross-points asking that this cause be reversed and remanded so it might file a motion for new trial, or, perhaps it would be more correct to say, have the trial court pass upon the motion for a new trial which it has already filed. Rule 324, T.R.C.P., as amended, effective September 1, 1957.

Accordingly, the judgment non obstante veredicto will be reversed and judgment here rendered that appellant recover of appellee the sum of $2,980, together with interest at the rate of 6% per annum from June 5, 1957.

Reversed and rendered.

On Motion for Rehearing.

■ Appellee has filed a motion for rehearing, insisting among other things that this Court erred in rendering judgment and not remanding the cause, with instructions to the trial court to enter judgment on the verdict and then permit appellee to file a motion for a new trial, raising such questions as that appellee has not had a fair trial, because appellant has not proved up a case and because appellee was not allowed to present its defenses to be answered by the jury. In support of its contentions appellee has cited cases decided before Rule 324, T.R.C.P., was amended by order of March 19, 1957, effective September 1, 1957. The record herein was filed in this Court on September 13 1957, and therefore the briefing is governed by Rule 324 as amended, reading in part as follows: "The failure to bring forward by cross-points such grounds as would vitiate the verdict shall be deemed a waiver thereof, save and except such grounds as require the taking of evidence in addition to that adduced upon the trial of the cause."

Vernon's Annotated Texas Rules of Civil Procedure, 1957 Pamphlet Supplement, sets forth, among the annotations under Rule 324 as amended, the following: "The amendment is intended to modify the holding in De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95, 99."

■ The fact that appellee did not file cross-points herein, setting up the matter of which it now complains, is a waiver of such matter and this Court properly rendered judgment.

Appellee's motion for a rehearing has been carefully considered and is in all things overruled.