John B. GUINN, Appellant,

v.

TEXAS NEWSPAPERS, INC., Cox Enterprises, Inc., Mary Ann Kreps, and Texas Newspapers, Inc. and Cox Enterprises, Inc. d/b/a/ Waco Tribune–Herald, Appellees.

No. B14–86–674–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 2, 1987.

Rehearing Denied Aug. 13, 1987.

Shelton Smith, Houston, for appellant.

D. Mitchell McFarland, Houston, P.M. Johnston, Minor L. Helm, Jr., Waco, for appellees.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, John B. Guinn (Guinn), filed a defamation action against appellees, Texas Newspapers, Inc., Cox Enterprises, Inc., Mary Ann Kreps, and Texas Newspapers, Inc. and Cox Enterprises, Inc. d/b/a Waco Tribune–Herald (the newspaper, Kreps and/or appellees). The trial court granted summary judgment in favor of appellees. We reverse the judgment of the trial court and remand the cause for trial.

Guinn's suit against appellees resulted from an inaccurate article written by Kreps, a legal reporter for the Tribune–Herald, which was published by the newspaper. The article in question falsely stated that Guinn, who was both a practicing attorney and elected justice of the peace in Coryell County, Texas, had been convicted of felony theft. According to Kreps' affidavit, included in the summary judgment proof, the reporter had unintentionally transcribed Guinn's name in place of that of the defendant whom Guinn represented. The article in its entirety read as follows:

John B. Guinn, 44, of Coperas Cove was given a five-year probated sentence and ordered to pay restitution for theft on a government reservation.

Guinn alleged in his first amended original petition that the published item was libelous since it imputed unfitness for his profession as a member of the State Bar of Texas; injured him in his profession; held him up to public ridicule and disgrace; and intended to cause his reputation to be impeached. He sought $50,000 in general and special damages plus an additional $100,000 in punitive damages.

Appellees moved for summary judgment on the grounds that since Guinn was a "public figure" [sic] the New York Times "actual malice" standard applied. New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).[1] The motion stated further that the summary judgment proof, through Mary Ann Kreps' affidavit, established the article was published without actual malice.

The trial court granted summary judgment in favor of appellees. Guinn now appeals the rendition of summary judgment in two points of error. He claims summary judgment was improperly granted because the trial court erred in holding him to be a public figure as a matter of law and in finding an absence of malice as a matter of law. Guinn contends there are genuine issues of material fact as to his status as a public figure, and as to the absence of actual malice. We agree with his first contention. In view of our disposition of point of error one, it is unnecessary to discuss the merits of Guinn's second point.

In his first point of error, Guinn asserts the trial court erred in holding him a public figure as a matter of law. Appellees' summary judgment motion alludes only to Guinn's "public figure" status. The motion fails to claim alternately that Guinn was a public official. However, appellees take the position that "public figures" and

---

1. The New York Times rule permits recovery by a public official in a defamation suit if the plaintiff can prove the defamatory statement was made with constitutional or "actual malice," i.e., with knowledge of the statement's falsity or with reckless disregard for its truth or falsity. New York Times Co. v. Sullivan, 376 U.S. at 279–80, 84 S.Ct. at 725–26.

"public officials" are legally equivalent for purposes of the *New York Times* rule, as both types of plaintiffs must establish by clear and convincing evidence that a libelous statement was published with actual malice. Guinn concedes he was a "*per se*, elected public official" in Coryell County by virtue of holding governmental office. *See Gertz v. Welch,* 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974). Therefore, appellees argue, the issue of whether or not Guinn was a public figure is irrelevant, since his public official status automatically invokes the actual malice standard.

Assuming the validity of appellees' argument of legal equivalence, we nevertheless hold the summary judgment proof is insufficient to establish as a matter of law Guinn's status as either a public figure or a public official. We discuss only Guinn's "public official" status, since he was clearly an elected official. Appellees have submitted no proof as to his "public figure" status. *See Curtis Publishing Company v. Butts* and *Associated Press v. Walker,* 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967).

In order to entitle them to summary judgment as a matter of law, appellees must meet their burden of showing no genuine issue of material fact exists as to Guinn's status as a public official. Tex.R. Civ.P. 166–A; *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); *Beaumont Enterprise & Journal v. Smith,* 687 S.W.2d 729, 730 (Tex.1986). Moreover, every reasonable inference must be indulged in favor of Guinn, the nonmovant, and any doubts resolved in his favor. *Hudnall v. Tyler Bank and Trust Company,* 458 S.W.2d 183, 185 (Tex.1970).

■ Applying those standards, we hold the summary judgment proof raises genuine issues of material fact as to Guinn's status as a public official, precluding summary judgment. Guinn's deposition, included in appellees' proof, establishes him as a justice of the peace in Coryell County.

He was appointed in 1981 to fill an unexpired term, was subsequently elected in November 1981, and was holding office when the newspaper published the allegedly defamatory piece in Waco on January 23, 1984. He was thus undisputedly a public official in Coryell County.

■ However, it is also undisputed that the newspaper item did not refer to Guinn in his official capacity; it named him "John B. Guinn" rather than "Judge Guinn." Furthermore, the content of the article did not expressly relate to Guinn's official conduct as a justice of the peace, nor was it concerned with Guinn's performance of his official duties. *Foster v. Laredo Newspapers, Inc.,* 541 S.W.2d 809, 814–15 (Tex. 1976). Appellees cite case law for the proposition that no charge is irrelevant to Guinn's official conduct, since there is always an implied relationship to his position.[2] Therefore, they claim, the actual malice standard must apply. Although the United States Supreme Court has interpreted the official conduct concept broadly, we hold its application does not include as a matter of law an individual who was proved only to be an elected justice of the peace in his own community. We find nothing in appellees' proof to indicate Guinn was known as a public official beyond the confines of his region. *See Durham v. Cannan Communications, Inc.,* 645 S.W.2d 845, 850 (Tex.App.–Amarillo 1982, writ dism'd w.o.j.) (no proof submitted as to appellant's fame or notoriety in the community; appellant was not a public figure as a matter of law). We note the Kreps affidavit stated the reporter herself was not acquainted either with Guinn or his client (defendant Fuller), nor was Kreps aware of Guinn's elected status: "Prior to January 23, 1984, I had never heard of and did not know either Michael Blair Fuller or John B. Guinn."

We hold material fact issues were raised as to whether Guinn was a public official (or a public figure) within the purview of the *New York Times* actual malice stan-

---

**2.** *See Ocala Star–Banner Co. v. Damron,* 401 U.S. 295, 91 S.Ct. 628, 28 L.Ed.2d 57 (1971); *Monitor Patriot Co. v. Roy,* 401 U.S. 265, 91 S.Ct. 621, 28 L.Ed.2d 35 (1971); *Garrison v. Louisiana,* 379 U.S. 64, 85 S.Ct. 209, 13 L.Ed.2d 125 (1964).

dard. The summary judgment proof does not support the trial court holding that Guinn achieved either status as a matter of law. Guinn's first point of error is sustained.

Appellees' summary judgment motion attempts to establish the applicability to Guinn of the actual malice standard, and then to negate the existence of fact issues regarding actual malice. Because we have concluded appellees have not proved Guinn a public figure/public official as a matter of law, it is unnecessary to consider the existence of actual malice fact issues. *Foster v. Laredo Newspapers, Inc.*, 541 S.W.2d at 820; *Durham v. Cannan Communications, Inc.*, 645 S.W.2d at 851. We therefore do not address the merits of Guinn's second point of error.

Negligence has been adopted as the standard of liability in defamation actions by private individuals. Since appellees do not assert a right to summary judgment premised upon a negligence standard, we do not here determine whether the summary judgment proof negates negligence fact issues. *Foster v. Laredo Newspapers, Inc.*, 541 S.W.2d at 820; *Durham v. Cannan Communications, Inc.*, 645 S.W.2d at 851.

The judgment of the trial court is reversed and the cause remanded for trial.