

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00331-CV

---

LIBERTY INSURANCE COMPANY            APPELLANT

V.

W. BRICE COTTONGAME AS            APPELLEES
PERSONAL REPRESENTATIVE OF
THE ESTATE OF A.G., AND AS
NEXT FRIEND OF A.G., I.G., A.G.,
I.G., AND J.G., INDIVIDUALLY, F.Z.,
INDIVIDUALLY, M.Z.,
INDIVIDUALLY, AND M.Z. AND F.Z.
AS NEXT FRIENDS, NATURAL
PARENTS AND LEGAL
GUARDIANS OF V.Z., L.Z., AND
H.Z., MINOR CHILDREN

----------

FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 067-250897-11

----------

## MEMORANDUM OPINION[1]

----------

---

[1]*See* Tex. R. App. P. 47.4.

Appellees have filed motions to dismiss Appellant Liberty Insurance Company's appeal for want of jurisdiction. Appellees assert that Liberty's appeal is untimely. For the reasons set forth below, we will grant Appellees' motions and dismiss this appeal.

Liberty filed a petition in intervention in the underlying lawsuit, asserting subrogation claims against Appellees concerning the past and future payment of workers' compensation benefits. Liberty attempts to appeal two judgments: a partial summary judgment against Liberty on its claim concerning past workers' compensation benefits that was signed on December 4, 2012, and was made final by a severance order signed on January 24, 2014[2]; and a judgment signed on July 7, 2014, granting summary judgment for Appellees on Liberty's remaining claims concerning future workers' compensation benefits and ordering those claims dismissed with prejudice.[3] Liberty filed a notice of appeal on October 17,

---

[2]We note that some of the appellees obtained an October 10, 2013 severance order of the summary judgment granted for them and against Liberty on Liberty's claim concerning past workers' compensation benefits and some of the appellees obtained a January 24, 2014 severance order of the summary judgment granted for them and against Liberty on Liberty's claim concerning past workers' compensation benefits. For ease of reading, we use January 24, 2014 as the date of severance since the summary judgment for all appellees and against Liberty on Liberty's claim concerning past workers' compensation benefits was final on that date.

[3]The relevant portion of the trial court's judgment provides:

(2) The Court finds that Intervenor Liberty Insurance Company has expressly waived, in writing, its subrogation rights seeking a holiday with respect to the payment of future worker[s'] compensation benefits . . . . [S]ummary judgment is granted . . . as

2014. Concurrently with the filing of its notice of appeal, Liberty filed a motion to extend the time to file its notice of appeal.

Liberty's motion to extend the time to file its notice of appeal did not mention the severance order signed by the trial court and asserted that on August 6, 2014, Liberty had filed a motion for reconsideration that operated to extend by ninety days the time for Liberty to file its notice of appeal, making the notice of appeal's due date October 6, 2014. Based on Liberty's motion and because Liberty's October 17, 2014 notice of appeal was filed within fifteen days of the due date computed by Liberty, this court ordered Liberty's notice of appeal filed. *See* Tex. R. App. P. 26.3. Appellees then filed a motion for reconsideration of our order and motions to dismiss Liberty's appeal for want of jurisdiction.

Concerning Liberty's attempt to appeal the trial court's December 4, 2012 partial summary judgment, that judgment became final on January 24, 2014, when the trial court signed the severance order. *See Thompson v. Beyer*, 91 S.W.3d 902, 904 (Tex. App.—Dallas 2002, no pet.) (stating general rule that severance of an interlocutory judgment into a separate action makes it final). By filing its notice of appeal almost nine months after that judgment became final, Liberty's October 17, 2014 notice of appeal is untimely. *See* Tex. R. App. P. 26.1. Liberty thus failed to timely perfect an appeal from that final judgment.

---

to all of Intervenor [Liberty's] remaining subrogation claims arising from or concerning future worker[s'] compensation benefits."

3

Concerning Liberty's attempt to appeal the trial court's July 7, 2014 judgment, the motion for reconsideration filed by Liberty on August 6, 2014, is titled "Motion to Reconsider Intervenor Liberty's Plea to the Jurisdiction and Motion for Discontinuance of Suit." It urges the trial court to grant Liberty's plea to the jurisdiction and to discontinue Liberty's claims by dismissing them. The motion does not challenge the trial court's July 7, 2014 summary-judgment ruling.

While any postjudgment motion that "assails the judgment" will extend the appellate timetable to ninety days, the substance of the motion must be seeking to set aside the judgment and to relitigate the issues. *See, e.g.*, *Gomez v. Tex. Dep't of Criminal Justice*, *Institutional Div.*, 896 S.W.2d 176, 176–77 (Tex. 1995) (holding that any motion that "assail[s] the trial court's judgment" extends the appellate timetable). In determining whether a postjudgment motion assails the trial court's judgment, we look to the substance of the relief sought, not the formal style of the pleading, and we treat minor procedural mishaps with leniency, preserving a party's right to appeal. *See Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 665 (Tex. 2011).

Here, the substance of Liberty's motion for reconsideration urges the trial court to grant Liberty's plea to the jurisdiction and motion for discontinuance of the suit and to dismiss Liberty's suit. The incongruity of Liberty's position—that this request for reconsideration of its plea to the jurisdiction and motion for discontinuance of the suit acts to extend the appellate timetable—is highlighted by the following facts. Liberty filed first-, second-, and third-amended petitions in

4

intervention affirmatively asserting subrogation claims and pleading facts invoking the trial court's subject-matter jurisdiction. Liberty did not assert via a plea to the jurisdiction that the trial court lacked subject-matter jurisdiction over Liberty's subrogation claims until after the trial court had granted the December 4, 2012 partial summary judgment against Liberty. Liberty was free to nonsuit its then-pending claims asserted in its live petition in intervention at any time prior to the trial court's July 7, 2014 final judgment and thereby attain the same relief sought in its plea to the jurisdiction and motion for discontinuance of suit; it did not do so. We have located no authority for the proposition that a motion for reconsideration of a trial court's failure to do what the movant had an absolute right to do itself without the aid of the trial court but failed to do is the type of motion that assails a judgment and will operate to extend the appellate timetable. *See* Tex. R. App. P. 26.1(a). Because the substance of Liberty's motion to reconsider its plea to the jurisdiction and motion for discontinuance of Liberty's claims does not challenge the summary judgment granted for Appellees or urge relitigation of any claims, we hold that Liberty's motion for reconsideration of its plea to the jurisdiction and motion for discontinuance of suit did not assail the trial court's July 7, 2014 judgment and was not effective to extend the appellate timetable. *Cf. Lewis v. Lewis*, No. 14-08-01038-CV, 2011 WL 860402, at *1 (Tex. App.—Houston [14th Dist.] Mar. 8, 2011, no pet.) (mem. op.) (holding that motion to reconsider arbitration award did not extend appellate timetables for appeal from trial court's judgment).

Because Liberty's motion for reconsideration of its plea to the jurisdiction and motion for discontinuance of suit did not extend the appellate timetable, Liberty's October 17, 2014 notice of appeal was untimely filed. *Cf. id.* (dismissing appeal because notice of appeal was not timely filed when motion to reconsider arbitration award did not extend appellate timetables for appeal from trial court's judgment). We grant Appellees' motions seeking dismissal of the appeal, and we dismiss the appeal.[4]

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: WALKER, MEIER, and GABRIEL, JJ.

DELIVERED: December 23, 2014

---

[4]This dismissal opinion disposes of both "Z[.] Appellees' Motion To Dismiss For Lack Of Subject Matter Jurisdiction" and "G[.] Appellees' Motion To Dismiss For Lack Of Jurisdiction." This dismissal opinion also moots "Z[.] Appellees' Motion To Reconsider And Response To Opposed Motion To Extend Time To File Appellant's Notice Of Appeal," in which they ask us to reconsider our order filing Liberty's October 17, 2014 notice of appeal.