566 S.W.2d 40 (1978)
NEEDVILLE INDEPENDENT SCHOOL DISTRICT, Appellants,
v.
S. P. J. S. T. REST HOME, Appellee.
No. 8094.
Court of Civil Appeals of Texas, Beaumont.
April 6, 1978.
*41 George J. Prappas, Houston, for appellants.
Ted W. Hejl, Taylor, Don T. Schwartz, Rosenberg, for appellee.
KEITH, Justice.
Plaintiffs below appeal from a take nothing judgment entered after a jury trial. Needville Independent School District brought suit for delinquent taxes and City of Needville intervened seeking delinquent ad valorem taxes owed to it. The defendant answered by claiming that it was exempt from ad valorem taxation as an institution of purely public charity within the meaning of Tex.Const. art. VIII, § 2, and Tex.Rev.Civ.Stat.Ann. art. 7150, § 7 (Supp. 1978).
The Court instructed the jury that an institution is a purely public charity if it met each of these tests:
"First, it makes no gain or profit; Second, it accomplishes ends wholly benevolent; Third, it benefits persons, indefinite in numbers and in personalities, *42 by preventing them, through absolute gratuity, from becoming burdens to society and to the State ...."
The jury was further instructed:
"An institution that meets all of the above three (3) tests may be one of purely public charity that dispenses absolute gratuities even though it requires those who can pay [to] do so and makes supplemental payments to those who cannot pay all their costs."
"`Gain or profit' ... means gain or profit by private individuals, or the accrual of profits distributable as dividends. It does not include profits used for activities directed at sustaining and furthering benevolent activities."
The jury found that defendant was a purely public charity under the instructions, and judgment was entered for defendant that plaintiff and intervenor take nothing. Seven days after the entry of judgment, plaintiff and intervenor filed a motion for judgment non obstante veredicto and defendant now contends that we are not authorized to consider points of error based upon this motion. The contention is without merit and is overruled.
A motion for judgment non obstante veredicto may be filed after a judgment has been entered but before it becomes final. Hann v. Life & Casualty Insurance Co. of Tennessee, 312 S.W.2d 261, 263 (Tex.Civ. App.San Antonio 1958, no writ); Walker v. S & T Truck Lines, Inc., 409 S.W.2d 942, 943 (Tex.Civ.App.Corpus Christi 1966, writ ref'd). See also 4 McDonald, Texas Civil Practice § 17.32, at 210-11 (Rev.Vol. 1971).
The Hann Court explained the rationale of the holding:
"The rules do not provide for a time limit on the filing and passing upon of a motion non obstante veredicto, therefore, such motion may be filed even after the court has rendered judgment on the verdict, and may be acted upon any time before the motion or amended motion for a new trial has been overruled, either by the court or by operation of law." (312 S.W.2d at 263)
The three points of error brought forward are all based upon the action of the trial court in overruling their motion for judgment non obstante veredicto and are, consequently, "no evidence" points. R. Calvert, "`No Evidence' and `Insufficient Evidence' Points of Error," 38 Texas L. Rev. 361, 362 (1960). Consequently, we must review the evidence in the most favorable light in support of the jury's finding and disregard all evidence to the contrary. Lucas v. Hartford Accident & Indemnity Co., 552 S.W.2d 796, 797 (Tex.1977); Garza v. Alviar, 395 S.W.2d 821, 823 (Tex.1965); Fisher Construction Co. v. Riggs, 160 Tex. 23, 325 S.W.2d 126, 127 (1959).
It is first contended that defendant failed to prove that it makes no gain or profit from its operations. It is apparent from a review of the record that while defendant did in fact make profits during some years of its existence, all such profits were used for capital improvements or mortgage payments. There is no capital stock and no dividends have ever been declared or paid.
In City of McAllen v. Evangelical Lutheran Good Samaritan Society, 530 S.W.2d 806, 809 (Tex.1975), or Supreme Court answered the contention now before us in this language:
"[T]he fact that the net result of [an organization's] endeavors was the acquisition of profit, would not subject the organization to taxation because the profits were used for the permissible purposes of maintaining or expanding [its] operations." (530 S.W.2d at 809)
See also G. Hartt, III, "Ad Valorem Taxes and Non-Profit Health-Care Facilities," 39 Tex.B.J. 865 (1976), and authorities therein cited.
Point one is overruled.
Plaintiffs next contend that defendant failed to prove that it assumes, to a material extent, costs which otherwise might become an obligation of the community or stateone of the conditions laid down in McAllen, supra, 530 S.W.2d at 810. Again, we disagree and overrule such point.
*43 It is shown by our record with clarity and without dispute: (a) defendant accepts applicants without regard to their financial conditions; (b) those who can afford to pay are required to pay for the services rendered; (c) while some payments are made by the State Welfare Department on behalf of some indigents, defendant has a special charitable fund from which it subsidizes the payments of those who cannot afford to pay the complete costs.
The McAllen Court noted that our traditional view of charities has changed:
"With the advent of present day social security and welfare programs, the traditional concept of charity, involving the extension of free services to the poor and alms-giving, will be rarely found since wide ranging assistance is available to the poor under such programs. Furthermore, the courts have defined charity to be something more than mere alms-giving or the relief of poverty and distress.... The ultimate consideration then, should be based upon an evaluation of the total operation of the institution engaged in humanitarian activities ..." (530 S.W.2d at 810)
Having tested the record under the applicable rules [see, e. g., Garza v. Alviar, supra, 395 S.W.2d at 823], we find no merit to the contention so advanced.
Our attention has been called to the recent opinion in Air Force Village Foundation, Inc. v. Northside Independent School District, 561 S.W.2d 905 (Tex.Civ.App.El Paso, 1978, writ pending). This excellent opinion, with which we are in complete accord, is readily distinguishable on the facts. There, the jury refused to find that the Foundation was a "purely public charity" and the attack upon this "non-finding" was rejected by the El Paso Court. Here, upon competent evidence, the jury answered a comparable issue in the affirmative and the plaintiffs' "no evidence" points have been considered and rejected by this court.
Finally, it is contended that there was no evidence to support defendant's burden of showing that it "accomplishes ends wholly benevolent," a term which has never been interpreted in the context of a charitable entity claiming exemption from ad valorem taxation.
However, in State v. Texas Mutual Life Ins. Co., 51 S.W.2d 405, 410 (Tex.Civ. App.Austin 1932), reversed on other grounds, 58 S.W.2d 37 (Tex.Comm'n App. 1933, jdgmt adopted), the court spoke of the word "benevolent," saying:
"It [the word benevolent] is a broader term than `charity,' which it includes.... Charity in its legal sense implies giving without consideration or expectation of return. Whereas benevolent is applied to any act which is prompted by or has for its object the well being of others."
We find this concept to be compatible with the rationale and the holding of our Supreme Court in McAllen, supra, and will use it as our guideline in passing upon the point now under review.
Defendant's charter provides as follows:
"The purposes for which this corporation is created shall be to provide assistance, charity and relief for aged persons of both sexes by acquisition of land for the construction of appropriate buildings, and by providing the necessary funds for the complete operation ... of .. such home for the aged; and to provide personal and custodial care, incident to old age and infirmity, in such a manner as to give most comfort, sheltered care, privacy, emotional stability, and happiness to aged persons...."
The evidence reveals that defendant is accomplishing its purpose"ends wholly benevolent." Therefore, plaintiffs' third point of error is overruled.
There being some evidence in the record to support the jury's finding of a purely public charity, we affirm the trial court's judgment that defendant is exempt from ad valorem taxation.
AFFIRMED.