**Richard F. GOMEZ, Petitioner,**

v.

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, Respondent.**

No. 95–0155.

Supreme Court of Texas.

March 30, 1995.

Richard F. Gomez, Abilene, pro se.

James A. Collins, Huntsville and Dan Morales, Austin, for respondent.

On Application for Writ of Error to the Court of Appeals for the Fourteenth District of Texas

PER CURIAM.

Richard Gomez brings a writ of error from the dismissal of his appeal for want of jurisdiction. Gomez brought suit *in forma pauperis* against the Texas Department of Criminal Justice, Institutional Division under the Texas Tort Claims Act. His case was referred by the district court to a special master under Tex.Civ.Prac. & Rem.Code § 13.001. The master recommended that the suit be dismissed as having no arguable basis in fact or law, and on July 5, 1994, the trial court dismissed the action.

Gomez filed both a request for findings of fact and conclusions of law and a "bill of review," which Gomez subsequently asked the court to redesignate as a motion for new trial. The request for findings of fact was filed with the court on July 28, 1994, three days after it was due.[1] Tex.R.Civ.P. 296. The "bill of review" was filed on August 3, 1994, within thirty days of the signing of judgment. Gomez perfected his appeal by filing his affidavit of indigency on September 6, 1994.

On November 14, the court of appeals informed Gomez of its intent to dismiss the appeal for want of jurisdiction and sought a response. Gomez responded and identified for the court both the request for findings of fact and the "bill of review." The court of appeals dismissed his cause of action for want of jurisdiction, holding that the deadline for perfecting the appeal was August 4, 1994, and that no appeal was timely made and no request for extension of time was timely made. The court made no reference to the "bill of review."

The record indicates that Gomez's "bill of review" assailed the trial court's judgment. Consequently, the appellate timetable was extended from thirty days to ninety days

---

1. Gomez asserts that he mailed his request for findings of fact and conclusions of law on July 22, 1994, four days before the deadline for filing. Prison procedures require that the outgoing mail first be screened. Consequently, the pleading was not, in fact, placed in the United States Mail until two days after the deadline. Because of our disposition we do not reach this issue. We are, however, cognizant of the unique problem that arises when one party is forced to rely on his opposing party to ensure pleadings are timely filed.

from the date of the signing of the judgment on the basis of the timely filed "bill of review." TEX.R.APP.P. 41(a)(1); *see Miller Brewing Co. v. Villarreal,* 822 S.W.2d 177, 179 (Tex.App.—San Antonio 1991), *rev'd on other grounds,* 829 S.W.2d 770 (Tex.1992) ("[a]ny post-judgment motion, which, if granted, would result in a substantive change in the judgment as entered, extends the time for perfecting the appeal."). Gomez had until October 4, 1994 to perfect his appeal. Accordingly, his appeal was timely perfected and the court of appeals erred in dismissing his appeal for want of jurisdiction.

Pursuant to rule 170 of the Texas Rules of Appellate Procedure and without hearing oral argument, a majority of this Court grants the application for writ of error, reverses the judgment of the court of appeals, and remands this cause to that court for further proceedings consistent with this opinion.