On Motion to Dismiss
DUNCAN, Justice.
Patrick Lowe, Trustee for Armando Rey and Sylvia Rey, Debtors, and Armando Rey ask that we dismiss this appeal as untimely perfected because Morris J. Kirsehberg failed to establish a new judgment date in accordance with Rule 306a, Tex. R. Civ. P. We hold Kirschberg’s motion for judgment non obstante veredicto extended the appellate timetable because it was filed within the time for filing a motion for new trial and “assailed the trial court’s judgment.” Gomez v. Texas Dep’t of Criminal Justice, 896 S.W.2d 176, 176 (Tex. 1995)(per curiam). We therefore deny the motion to dismiss as moot.
Factual and Procedural Background
In October 1994, Patrick Lowe, Trustee for Armando Rey and Sylvia Rey, Debtors, and Armando Rey (collectively “Rey”) sued Morris J. Kirsehberg for legal malpractice. After a jury trial, on December 5, 1997, the trial judge signed a judgment on the verdict in favor of Rey. However, the district clerk failed to send Kirsehberg notice that a judgment had been signed, as required by Rule 306a(3), Tex.R. Civ. P.[1] As a result, Kirsch-berg believed a judgment had not been signed when, on December 11, he moved for judgment non obstante veredicto.
On December 15, 1997, when Kirsehberg’s law clerk attempted to schedule a hearing on Kirschberg’s motion, he was told a judgment had been signed on December 12. However, the law clerk was unable to find the judgment during his search of the file, the clerk’s office, and the presiding court. Nonetheless, on January 9 — less than thirty days after December 12, the date the law clerk had been told the judgment had been signed but more than thirty days after December 5, the date judgment was in fact signed — Kirsch-berg’s law clerk filed a motion for reconsideration or, alternatively, a new trial. After filing this motion, Kirschberg’s law clerk again checked the district clerk’s records. This time he found the judgment and learned it had been signed on December 5, not December 12. He was also told the judgment had not been entered until December 18 and had not been placed in the clerk’s file until earlier on January 9.
On January 27, 1998, Kirsehberg filed a notice of appeal and an unsworn motion under Rule 306a. In this motion, Kirsehberg asked the trial court to find January 9 as the date he first acquired actual knowledge that a judgment had been signed on December 5. One week later, Kirsehberg filed an amended Rule 306a motion containing the following allegations:
► On December 15,1997 Movant’s undersigned counsel was told by Judge Gallardo that said Judge had signed respondent’s Final Judgment on December 12, 1997.
► Movant checked the court records of December 15, 1997 and subsequently but no copy of said Judgment was in the court file.
► [On] January 9, 1998 Movant again checked the court file for this case and *846 discovered that a Judgment dated December 5, 1997 had been placed in the court file on January 9,1998.
► Movant never received notice of the Judgment from the clerk of court as required by Rule 306(a)(3) of the T.R.C.P.
► Movant did not receive actual knowledge of the date and content of said Judgment until obtaining a copy from the Bexar County Court Records on the first day it was available there, January 9,1998.
The motion recited that it was filed by “MORRIS J. KIRSCHBERG, MOVANT herein by and through his undersigned counsel.” Attached to the motion were notarized statements in which Kirschberg and his attorney swore that all of the allegations in the motion were true and correct. The trial judge held an evidentiary hearing on Kirsch-berg’s Rule 306a motion and concluded “they did not receive the notice until the 9th.” However, despite Kirschberg’s request, the trial judge never signed on order finding the date required by Rule 306a.
After this court received the clerk’s record, it performed a jurisdiction check and discovered the clerk’s record did not include an order on Kirschberg’s Rule 306a motion. It also appeared Kirschberg’s Rule 306a motion and amended motion were insufficient to invoke the trial court’s Rule 306a jurisdiction. See In re Jones, 974 S.W.2d 766, 767 (Tex. App.—San Antonio 1998, orig. proceeding). We therefore issued an order requiring Kirschberg to explain why his appeal should not be dismissed for lack of jurisdiction.
In response to our order, Kirschberg filed a response explaining the events outlined above, attaching the reporter’s record of the Rule 306a hearing, and requesting that we either rule that his motion for judgment non obstante veredicto extended the appellate timetable or find the substitute judgment date as January 9. Kirschberg also filed motions seeking leave to verify his initial Rule 306a motion and to permit the trial judge to sign a Rule 306a order. Rey filed a motion to dismiss the appeal because Kirschberg failed to comply with Rule 306a and an objection to Kirschberg’s response to our show cause order.
Discussion
Kirschberg was required to perfect his appeal within thirty days after December 5, 1997, the date the judgment was signed, unless he filed a motion that extended the appellate timetable under Rule 329b or established a later judgment date under Rule 306a. See Tex.R.App. P. 4.2, 26.1. We must therefore decide whether Kirsehberg’s motion for judgment non obstante veredicto extended the appellate timetable and, if not, whether he established a new judgment date of January 9.
Rule 301 provides for a motion for judgment non obstante veredicto but neither that rule nor any other “ ‘provide[s] a time limit [for its] filing.’ ” Walker v. S & T Truck Lines, Inc., 409 S.W.2d 942, 943 (Tex.Civ.App.— Corpus Christi 1966, writ ref'd) (quoting Hann v. Life & Cas. Ins. Co. of Tenn., 312 S.W.2d 261, 263 (Tex.Civ.App.—San Antonio 1958, no writ)). Therefore, in Texas state courts, motions for judgment n.o.v. can properly be filed before or after judgment. Id.; see also Cleaver v. Dresser Indus., 570 S.W.2d 479, 483 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.); Needville Indep. Sch. Dist. v. S.P.J.S.T. Rest Home, 566 S.W.2d 40, 42 (Tex.Civ.App.—Beaumont 1978, no writ). Historically, however, while a motion for judgment n.o.v. could be filed before or after judgment and still preserve error, it did not extend the appellate timetable. Walker, 409 S.W.2d at 944-45; see Tex.R. Civ. P. 329b(5) (Vernon 1977). An extended timetable could be obtained only by a timely-filed motion for new trial. Id.
In 1981, however, the Supreme Court of Texas amended Rule 329b to provide for an extended appellate timetable if either a motion for a new trial or a “motion to vacate, modify, correct, or reform” a judgment was filed within thirty days of the date the judgment was signed. Tex.R. Civ. P. 329b(a), (e), (g); see Clarence A. Guittard, Other Significant Changes in the Appellate Rules, 12 St. Mary’s L.J. 667, 669 (1981). By its express terms, the amended rule made no provision for a motion for judgment n.o.v. or a motion to disregard jury findings, see Tex.R. Civ. P. *847 329b, despite the similarities between these types of motions and a motion to modify.[2] Therefore, it appeared to many that these types of motions continued to be authorized and governed solely by Rule 301.[3] Perhaps not surprisingly, however, at least in retrospect, the similarities between motions to modify and motions for judgment n.o.v. and motions to disregard jury findings generated considerable confusion when viewed in light of the 1981 amendment providing that motions to modify extended the appellate timetable if they were filed within the time for filing a motion for new trial. This confusion was first confronted in First Freeport Nat ’l Bank v. Brazoswood Nat’l Bank, 712 S.W.2d 168, 170 (Tex.App.—Houston [14th Dist.] 1986, no writ).
First Freeport filed a motion captioned “Motion to Disregard Special Issue Findings and a Motion to Modify and Enter Judgment” within thirty days after the date the trial court signed a judgment and then, believing this motion extended the appellate timetable, perfected its appeal in accordance with an extended appellate timetable. See id at 169. The Fourteenth Court of Appeals disagreed with First Freeport’s construction of the rules and dismissed its appeal as untimely, holding that, because First Freeport’s motion was, in substance, a motion for judgment notwithstanding the verdict, it did not extend the appellate timetable. Id. at 170. During the ensuing decade, the reasoning in First Freeport was soundly rejected, first by the Dallas Court of Appeals and then by each of the other courts of appeals considering the issue.[4] Ultimately, the Supreme Court of Texas resolved the conflict in Gomez v. Texas Dep ’t of Criminal Justice, 896 S.W.2d 176, 176-77 (Tex.1995) (per curiam).
In Gomez, the trial court signed a judgment dismissing Richard Gomez’s case on July 5, 1994. Id. at 176. Within thirty days thereafter, Gomez filed a “ ‘bill of review,’ which [he] subsequently asked the court to redesignate as a motion for new trial.” Id. Gomez then perfected his appeal under the assumption that his “bill of review” extended the appellate timetable. See id. Without referring to Gomez’s “bill of review” the court of appeals dismissed Gomez’s appeal as untimely perfected. Id. The Supreme Court of Texas reversed:
The record indicates that Gomez’s “bill of review” assailed the tidal court’s judgment. Consequently, the appellate timetable was extended from thirty days to ninety days from the date of the signing of the judgment on the basis of the timely filed “bill of review.”
Id. at 176-77 (emphasis added).
In the aftermath of Gomez, the filing of any postjudgment motion or other instrument that (1) is filed within the time for filing *848 a motion for a new trial and (2) “assail[s] the trial court’s judgment” extends the appellate timetable. Gomez, 896 S.W.2d at 176.[5] We therefore hold that Kirschberg’s motion for judgment non obstante veredicto, which was filed within thirty days of the date the judgment was signed and which assails the trial court’s judgment in favor of Rey, extended the appellate timetable. Kirschberg’s appeal was thus timely perfected.
Conclusion
Because Kirschberg’s motion for judgment non obstante veredicto extended the appellate timetable, we retain his appeal on this court’s docket and do not reach the Rule 306a issue. As a result, we deny the parties’ motions as moot by separate order.

. All rule references are to the Texas Rules of Civil Procedure unless otherwise indicated.

. "Arguably, the difference between a motion to modify and a motion for judgment notwithstanding the verdict is one of degree." First Freeport Nat'l Bank v. Brazoswood Nat’l Bank, 712 S.W.2d 168, 170 (Tex.App.—Houston [14th Dist.] 1986, no writ).

. It may be, however, that motions to modify were intended to include motions for judgment n.o.v. and motions to disregard jury findings. See Guittard, 12 St. Mary's L.J. at 669 (1981) (citing Mercer v. Band, 454 S.W.2d 833, 836-37 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ), which involved a motion for a take-nothing judgment in the movant’s favor, in support of statement that, before the 1981 amendments, “[a] motion urging that the judgment be corrected in some respect, but not praying for a new trial, did not extend the time during which the trial judge could act_").

. See Ramirez v. Williams Bros. Constr. Co., Inc., 870 S.W.2d 551, 552 (Tex.App.—Houston [1st Dist.] 1993, no writ) (motion seeking judgment on the verdict extended appellate timetable); United States Fire Ins. Co. v. State, 843 S.W.2d 283, 284 (Tex.App.—Austin 1992, writ denied) (motion seeking take-nothing judgment extended appellate timetable); Commonwealth Lloyd's Ins. Co. v. Thomas, 825 S.W.2d 135, 141 (Tex.App.—Dallas 1992) (appellate timetable would be extended if amended motion for judgment n.o.v. had been filed within thirty days of judgment), vacated, 843 S.W.2d 486 (Tex.1993); Miller Brewing Co. v. Villarreal, 822 S.W.2d 177, 179-80 (Tex.App.—San Antonio 1992), rev’d on other grounds, 829 S.W.2d 770 (Tex.1992) (appellate timetable would have been extended if motion to disregard jury finding had been filed post-judgment); Home Owners Funding Corp. v. Scheppler, 815 S.W.2d 884, 887 (Tex.App.—Corpus Christi 1991, no writ) (postjudgment motion seeking sanctions extended appellate timetable); Brazos Elec. Power Coop., Inc. v. Callejo, 734 S.W.2d 126, 128 (Tex.App.—Dallas 1987, no writ) (motion seeking judgment on the verdict extended appellate timetable).

. We recognize the Dallas Court of Appeals has also held that, because a motion for judgment n.o.v. is to be treated as a motion to modify for purposes of extending the appellate timetable, it must be similarly treated for purposes of the thirty-day filing deadline for filing a motion to modify. Thomas, 825 S.W.2d at 141 (appellate timetable not extended because amended motion for judgment n.o.v. not filed within thirty days of judgment). However, this issue is not before us in this case, and the Thomas Court's reasoning appears inconsistent with what is effectively the Supreme Court of Texas' holding in Walker and this court’s decision in Hann. See Walker v. S & T Truck Lines, Inc., 409 S.W.2d 942, 943 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd); Hann v. Life & Cas. Ins. Co. of Tenn., 312 S.W.2d 261, 263 (Tex.Civ.App.—San Antonio 1958, no writ). For both reasons, this opinion should not be interpreted as adopting a thirty-day deadline for filing motions for judgment n.o.v. and motions to disregard jury findings.