ACCEPTED
02-15-00239-CV
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
9/24/2015 10:30:44 AM
DEBRA SPISAK
CLERK

**Appeal No. 02-15-239-CV**

**IN THE SECOND DISTRICT COURT OF APPEALS**
**AT FORT WORTH, TEXAS**

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS
9/24/2015 10:30:44 AM
DEBRA SPISAK
Clerk

❖❖❖❖❖❖❖❖❖❖

**JAY W. HAND**
**– Appellants/Defendants**

**v.**

**HARRIS HUGHEY**
**– Appellee/Plaintiff**

**On Appeal from the 367th Judicial District Court**
**Denton County, Texas,**
**The Hon. Vickie Isaacks presiding**

❖❖❖❖❖❖❖❖❖❖
**BRIEF OF APPELLANT**
**JAY W. HAND**
❖❖❖❖❖❖❖❖❖❖

JOHNSTON LEGAL GROUP PC
Michael W. Johnston
State Bar No. 10840300
Nathan Schattman
State Bar No. 00791606
4200 Airport Freeway
Fort Worth, Texas 76117
Telephone: (713) 830-4816
Facsimile: (713) 830-4815

ATTORNEYS FOR APPELLANT

**\*\*APPELLANT REQUESTS ORAL ARGUMENT\*\***

**IN THE SECOND DISTRICT COURT OF APPEALS**
**AT FORT WORTH, TEXAS**

❖❖❖❖❖❖❖❖❖❖❖

**JAY W. HAND**
**– Appellants/Defendants**

**v.**

**HARRIS HUGHEY**
**– Appellee/Plaintiff**

**On Appeal from the 367th Judicial District Court**
**Denton County, Texas,**
**The Hon. Vickie Isaacks presiding**

❖❖❖❖❖❖❖❖❖❖❖

**IDENTITY OF PARTIES AND COUNSEL**
❖❖❖❖❖❖❖❖❖❖❖

The undersigned counsel of record certifies that the following listed persons are either interested parties or counsel. These representations are made in order that the Judges of this Court may evaluate possible disqualification or recusal.

1) Jay W. Hand
   Defendant – Appellant

2) Michael W. Johnston
   Nathan Schattman
   JOHNSTON LEGAL GROUP PC
   Attorneys for Jay W. Hand on appeal

3) Donald Shields
   Defendant – Not participating in Appeal

4) Albert Filidoro, Jr.
  Filidoro Law Firm, PLLC
  Attorneys for Jay W. Hand and Donald Shields at trial

5) Carol Kohankie
  Defendant – Not participating in Appeal

6) Greg Hargrove
  McDonald Sanders PC
  Attorney for Carol Kohankie at trial

7) Harris Hughey
  Plaintiff – Appellee

8) Mr. Scott Doody
  LAW OFFICES OF SCOTT R. DOODY
  Attorney for Harris Hughey at trial and on appeal

9) Andrew Hawkins
  Hawkins & Walker PC
  Attorney for Harris Hughey at trial

Respectfully submitted,
JOHNSTON LEGAL GROUP PC


By: **/s/ MICHAEL JOHNSTON**
Michael W. Johnston
State Bar No. 10840300
Nathan Schattman
State Bar No. 00791606
4200 Airport Freeway
Fort Worth, Texas 76117
Telephone: (713) 830-4816
Facsimile: (713) 830-4815

ATTORNEYS FOR JAY W. HAND

# TABLE OF CONTENTS

Identity of Parties and Counsel ..………………………………..… 2

Table of Contents …………………………………………….… 4

Table of Authorities ……………………………………….…… 6

Statement of the Case……………………………………………….. 9

Request for Oral Argument ……………………………………….. 10

Issues Presented on Appeal …………………………………….… 11

Statement of Facts.……………………………………………….. 11

I.       Procedural Summary.……………………………….…… 11

II.      Standard of Review.……………………………………. 11

III.     Factual Summary.……………………………………… 12

Summary of the Argument ……………………………………… 15

Argument.………………………………………….………..………. 15

ISSUE 1:    The Trial Court erred in finding that Hughey
            presented a *prima facie* case for any of his
            claims against Hand.……………………………… 15

   A. The Texas Citizens' Participation Act applies to this case. … 15

   B. The elements of a cause of action for defamation.…………… 18

   C. The statements are not defamatory as a matter of law.………19

   D. The statements are not defamation *per quod*. .……………… 21

   E. The statements are substantially true.……………………… 22

**F. Hughey failed to show causation or damages.**……………… 23

Prayer…………………………………………………………… 24

Certificate of Service …………………………………………. 25

Certificate of Compliance……………………………………. 26

## **APPENDIX**

**LIST OF DOCUMENTS**          **TAB**

Order Denying Motion to Dismiss (CR 655) ……………………………. 1

Order Granting Motion to Dismiss (CR 576 ……………………………. 2

The Hand Campaign Flyer (CR 165)……………………………………. 3

Hughey Affidavit (CR 252) ……………………………………………. 4

# TABLE OF AUTHORITIES

## TEXAS CASES

*A.H. Belo & Co. v. Looney*,………………………………………… 19
246 S.W.2 762 (Tex. App. – Texarkana 1916),
*aff'd*, 246 S.W. 777 (Tex. 1922)

*Bentley v. Bunton*,………………………………………… 18, 22
94 S.W.3d 561 (Tex. 2002)

*Casso v. Brand*,………………………………………… 22
776 S.W.2d 551 (Tex. 1989)

*Durckel v. St. Joseph Hospital*,………………………………… 21
78 S.W. 3d 576 (Tex. App. – Houston [14th Dist.] 2002, no pet.)

*Exxon Mobil Corp. v. Hines*,………………………………… 19
252 S.W.3d 496 (Tex. App. – Houston [14th District] 2008, pet. denied)

*Gartman v. Hedgepeth*,………………………………………… 20
157 S.W.2d 139 (Tex. 1941)

*Guinn v. Texas Newspapers, Inc.*,………………………………… 19
738 S.W.2d 303 (Tex. App. Houston [14th] 1987, writ denied)

*Leyendecker & Assoc. v. Wechter*,………………………………… 20
683 S.W.2d 369 (Tex. 1984)

*In re Lipsky*,………………………………………… 12
460 S.W.3d 579 (Tex. 2015)

*Marshall v. Mahaffer*,………………………………………… 20
974 S.W.2d 842 (Tex. App. – Beaumont 1998, pet. denied)

*Morrill v. Cisek*,………………………………………… 20
226 S.W.3d 545 (Tex. App. – Houston [1st Dist.] 1989, writ den'd)

*Neely v. Wilson*,………………………………………… 22
418 S.W.3d 52 (Tex. 2013)

*Rehak Creative Servs. v. Witt*,…………………………………… 19
404 S.W.3d 716 (Tex. App. – Houston [14th Dist.] 2013, pet. den.)

*Schimmel v. McGregor*,……………………………………… 12
438 S.W.3d 847 (Tex. App. – Houston [1st. Dist.] 2014, pet. denied)

*Turner v. KTRK TV, Inc.*,…………………………………… 18
38 S.W.3d 103 (Tex. 2000).

*Villasenor v. Villasenor*,…………………………………… 19
911 S.W.2d  411 (Tex. App. – San Antonio 1995, no writ)

**FEDERAL CASES**

*Henry v. Lake Charles Am. Press, LLC*,………………………… 15
566 F.3d 164 (5th Cir. 2009)

*Monitor Patriot Co. v. Roy*, ………………………………… 19
401 U.S. 265 (1971)

**TEXAS STATUTES**

Tex. Civ. Prac. & Rem. Code Ann. § 27.001-27.011………………… 16, 17


**TREATISES AND LEGISLATIVE MATERIALS**

H. Comm. on Judiciary & Civil Jurisprudence, Bill Analysis,…………… 16
Tex. H.B. 2973, 82d Leg., R.S. (2011)

S. Research Ctr., Bill Analysis,………………………………… 16
Tex. H.B. 2973, 82d Leg., R.S. (2011)

Appeal No. 02-15-239-CV

**IN THE SECOND DISTRICT COURT OF APPEALS
AT FORT WORTH, TEXAS**

❖❖❖❖❖❖❖❖❖❖❖

**JAY W. HAND
– Appellants/Defendants**

**v.**

**HARRIS HUGHEY
– Appellee/Plaintiff**

**On Appeal from the 367th Judicial District Court
Denton County, Texas,
The Hon. Vickie Isaacks presiding**

❖❖❖❖❖❖❖❖❖❖❖
**BRIEF OF APPELLANT
JAY W. HAND**
❖❖❖❖❖❖❖❖❖❖❖

Appellant/Defendant submits this Brief. Appellant will be referred to as "Hand." Appellee Harris Hughey will be referred to as "Hughey." The co-defendants at trial, who are not participating on appeal, will be referred to by name. References to the Clerk's Record will be enclosed in parentheses and abbreviated (CR ##) with paragraph or line references where appropriate. References to the Appendix will be enclosed in parentheses and abbreviated (App. ##). References to the Reporter's Record will be enclosed in parentheses and abbreviated (CR ##) with volume, and paragraph and line references where appropriate.

❖❖❖❖❖❖❖❖❖❖❖

## STATEMENT OF THE CASE

❖❖❖❖❖❖❖❖❖❖❖

*Nature of the Case*:

Harris Hughey sued Jay W. Hand, Donald Shields, and Carol Kohankie for libel and slander arising out of allegedly defamatory statements made during a Republican Party Primary Run Off for Denton County Justice of the Peace, Precinct 4. (CR 7-14). Kohankie was later voluntarily non-suited. (CR 43). Shields is not participating in this appeal.

Hand filed a Motion to Dismiss pursuant to the Texas Citizens Participation Act commonly known as an anti-SLAPP ("Strategic Lawsuit Against Public Participation") statute. The proper application of the Act to the facts and circumstances presented by this case is the controlling legal question.

*Course of Proceedings*:

On November 24, 2014, Judge Margaret Barnes voluntarily recused herself from the case (CR 30). On December 1, 2014, the Hon. Vicki Isaacks was appointed to preside over the case (CR 40).

The case was presented to the 367th District Court in Denton County, Texas via a Motion to Dismiss, the Hon. Vicki Isaacks presiding. The Court heard Hand's Motion to Dismiss on March 20, 2015. (RR. V. 3 p. 6). The Court originally granted the Motion to Dismiss on April 20, 2015. (CR 576)[1]. Hughey filed a Motion for New Trial and Motion to Reconsider in the trial court on or about May 8, 2014. (CR 463-493). On May 14, 2015, Hughey also filed Appeal No. 2-15-161 before this honorable court. (CR 498-499).

Hughey's Appeal No. 2-15-161 was dismissed as moot following the granting of Hughey's Motion for New Trial and The Motion to Reconsider.

---

[1] Due to technical issues involved in a visiting judge electronically filing orders, the Order was not filed by the Clerk's Office until May 18, 2015. (CR 577).

*Trial Court Disposition:*

On June 30, 2015, the Court considered Hughey's Motion for New Trial and Request for Reconsideration of the Defendant's Motions to Dismiss. On July 2, 2015 the Trial Court entered an Order granting Hughey's Motion to Reconsider and denying Hand's Motion to Dismiss. (CR 655).

After the July 2, 2015 granting of the Motion to Reconsider and the Entry of the Denial of Hand's Motion to Dismiss, this interlocutory appeal filed by Hand followed. (CR 658-660). This interlocutory appeal is authorized by Texas Civil Practice & Remedies Code §§27 and 51.

❖❖❖❖❖❖❖❖❖❖

**REQUEST FOR ORAL ARGUMENT**

❖❖❖❖❖❖❖❖❖❖

Appellant requests oral argument because the "Citizens" Participation Act," (the "Act") commonly known as an anti-SLAPP ("Strategic Lawsuit Against Public Participation") statute was enacted in 2011. As a result, it still has a relatively underdeveloped body of case law - despite the critical social protections that it offers. Therefore oral argument will assist the Court of Appeals in determining the future application of this law.

❖❖❖❖❖❖❖❖❖❖
**ISSUES PRESENTED FOR REVIEW**
❖❖❖❖❖❖❖❖❖❖

**ISSUE 1:** **The Trial Court erred in finding that Hughey presented a *prima facie* case for any of his defamation claims against Hand.**

❖❖❖❖❖❖❖❖❖❖
**STATEMENT OF FACTS**
❖❖❖❖❖❖❖❖❖❖

## I. <u>Procedural Summary</u>

The Court conducted the hearing on Hand's Motion to Dismiss on March 20, 2015. Defendants requested that the Reporter's Record of that hearing, if any, be prepared for the Court, but have been informed there is no such Reporter's Record.

On April 20, 2015, Judge Isaacks e-mailed the attorneys for all parties her decision. (CR 578). She initially signed her Order granting the Dismissal on April 20, 2015. (CR 576). However, as a visiting judge, the Electronic Filing System initially rejected her Order because her signature was not entered into the Denton County District Clerk's e-filing system. (CR 579-580). Eventually on May 18, 2015 a signed Order was entered, but the entered Order did not contain the April 20, 2015 date of signing. (CR 577). A Motion for Judgment *nunc pro tunc* to correct the date of the Judgment of Dismissal was pending when the Plaintiff's Motion for New Trial and Reconsideration of the Dismissal was granted. (CR 572-575).

## II.   Standard of Review

A *de novo* standard governs review of the trial court's determination regarding the propriety of a dismissal under section 27.005 of the Texas Citizens Participation Act. *See, e.g., Rehak Creative Servs. v. Witt*, 404 S.W.3d 716, 727-728 (Tex. App. – Houston [14th Dist.] 2013, pet. den.).  Thus, the appellate court makes an independent determination and applies the same standard used by the trial court. *Id.*   The ultimate question is whether the record contains a *prima facie* case for the plaintiff shown by minimum quantum of clear and specific evidence and rational inferences drawn from circumstantial evidence that would establish each essential element of the claims in question if no contrary evidence is offered. *See, e.g., In re Lipsky*, 460 S.W.3d 579, 589-90 (Tex. 2015); *Schimmel v. McGregor*, 438 S.W.3d 847, 855 (Tex. App. – Houston [1st. Dist.] 2014, pet. denied).

## III.   Factual Summary

Harris Hughey brought a defamation case alleging that Jay W. Hand, Donald Shields, and Carol Kohankie had made libelous and slanderous communications about Hughey during the course of an election campaign.  Hughey voluntarily non-suited his claims against Kohankie.   Shields is not a party to the appellate proceedings, but is still a party in the trial proceedings in Denton County that are stayed by this appeal.

The following facts were undisputed below:

In May of 2014, Hughey and Hand were in a runoff race in the Republican Primary for the office of Justice of the Peace, Precinct 4, Denton County, Texas. Hand was the incumbent Justice of the Peace. The runoff was necessary because when the Republican Primary was held on February 25, 2014 no candidate received fifty percent (50%) of the vote. Hand and Hughey received the highest vote totals; and, therefore qualified for the runoff. The runoff election was held May 17, 2014. With 2,834 votes, Hand won by a narrow margin over Hughey's 2,784 votes.

The disputed factual issues in this case concern the content of and subsequent interpretations of a single piece of campaign literature. Hughey complains that during the runoff Hand published a defamatory flyer by mail to the voters of Precinct 4, and then repeated the information verbally at various time on the campaign trail. (Plaintiff's Response to Defendants' Motions to Dismiss CR 61-63). Hughey also complains that Shields republished the flyer by posting it (a legal distance) from a polling place on election-day and discussing the contents of the flyer with voters. (CR 63). A color copy of the flyer is attached as App. 3.

The flyer identifies Hughey's date of registration (DOR) as a voter as May 28, 2006. (App. 3 CR 165). The flyer asserts that Hughey doesn't vote. (Id.) The flyer contains the following statements:

"Prior to his own election two months ago Mr. Hughey had *NEVER* voted in a Republican Primary Election.
The only election Mr. Hughey ever voted in was *2008,* when Barrack Obama won the presidency… *Don't you wonder what brought him out to vote that year?"* (Emphasis in Original)(App. 3 CR 165).

In contending that the foregoing paragraphs were false and defamatory, Hughey obtained certified copies of his voting records in Denton (CR 90) and Tarrant Counties (CR 86). Mr. Hughey also provided an affidavit in which he stated that he spoke at a candidate's forum, and made available to Mr. Hand a copy of his voting records that showed he had voted in some other elections after 2006 besides the 2008 General Election. (App. 4 CR 252).

While Mr. Hughey contends that the flyer unfairly portrays him as an Obama voter in 2008, he does not specifically testify that he did not vote for Obama. (App. 4 CR 252). Knowing only that he voted in the general election in 2008, it is possible under Texas law that he "undervoted" his presidential vote or voted for the Republican nominee (McCain), for Obama, for a write-in, or for one of four other minor party candidates.

Nor does Mr. Hughey testify that he voted in any other Republican primaries prior to the 2014 primary. (App. 4 CR 252).

❖❖❖❖❖❖❖❖❖❖❖
## SUMMARY OF THE ARGUMENT
❖❖❖❖❖❖❖❖❖❖❖

The Trial Court erred when it reversed itself and denied the Motion to Dismiss. The Texas Citizens' Participation Act clearly applies to the issues in this case. Hughey failed to present a *prima facie* shown by minimum quantum of clear and specific evidence that would establish each essential element of his defamation claims against Hand if no contrary evidence is ultimately offered at trial.

As a result, the Trial Court's original decision dismissing Hughey's claims against Hand was the correct decision and should be reinstated by this Court.

❖❖❖❖❖❖❖❖❖❖❖
## ARGUMENT
❖❖❖❖❖❖❖❖❖❖❖

**ISSUE 1:** **The Trial Court erred in finding that Hughey presented a *prima facie* case for any of his defamation claims against Hand.**

### A. The Texas Citizens' Participation Act applies to this case.

Concerned over the growth of meritless lawsuits that have the purpose or effect of chilling the exercise of First Amendment rights, a number of state legislatures have created a method for better striking the balance between interests in individual reputation and freedom of speech. *See Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164, 167-68 (5th Cir. 2009). In September of 2011, Texas

enacted the "Citizens Participation Act," (the "Act") commonly known as an anti-SLAPP ("Strategic Lawsuit Against Public Participation") statute. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.001-27.011; H. Comm. on Judiciary & Civil Jurisprudence, Bill Analysis, Tex. H.B. 2973, 82d Leg., R.S. (2011).

The Act's purpose is to encourage the involvement of citizens in the exchange of ideas and to stop abuses of the legal system, including filing of frivolous claims aimed at silencing citizens. *See* H. Comm. on Judiciary & Civil Jurisprudence, Bill Analysis, Tex. H.B. 2973, 82d Leg., R.S. (2011). The Act encourages greater public participation of Texas citizens through safeguarding the constitutional rights of persons to petition, speak freely, and associate freely, by providing for an expedited motion to dismiss frivolous lawsuits aimed at retaliating against someone who exercised those rights. *See id.* The Legislature has found that frivolous, meritless lawsuits aimed at silencing involved citizens are becoming more common and a great threat to the growth of our democracy, and the Act allows these cases to be dismissed earlier than would otherwise be possible, limiting the costs and fees associated with defending against such a claim. *See* S. Research Ctr., Bill Analysis, Tex. H.B. 2973, 82d Leg., R.S. (2011).

The Act allows a court to dismiss a legal action based on, relating to, or in response to a party's exercise of the right of free speech, right to petition, or right of association. Tex. Civ. Prac. & Rem. § 27.003. The right to free speech is

defined as a communication made in connection with a matter of public concern. Tex. Civ. Prac. & Rem. § 27.001. A matter of public concern is an issue relating to health or safety, environmental, economic, or community well-being, the government, a public official or public figure, or a good, product, or service in the marketplace. *Id.*

The Act establishes a burden-shifting procedure for weeding out frivolous lawsuits aimed at silencing a citizen's right to free speech. To succeed on a motion to dismiss the movant must show that the legal action is based on, relates to, or is in response to the party's exercise of free speech. Tex. Civ. Prac. & Rem. § 27.005(b)(1). If the movant makes this showing, the burden then shifts to the claimant to establish by clear and specific evidence a *prima facie* case for each essential element of the claim in question. Tex. Civ. Prac. & Rem. § 27.005(c). If the claimant fails to make this showing, the trial court must dismiss the claim. Tex. Civ. Prac. & Rem. § 27.005(b).

The Act only exempts enforcement actions by the State, actions brought against sellers and lessors of goods and services under specific circumstances, and actions seeking recovery for bodily injury, wrongful death, or survival. Tex. Civ. Prac. & Rem. § 27.010. The extremely limited scope of this exemption makes the Legislatures intent that the Act would apply broadly to both governmental and individual concerns.

In his Response to Hand's Motion to Dismiss, Hughey concedes that the Texas Citizen's Participation Act applies to the statements at issue in this case. (CR 59). It is undisputed that as a candidate Hand was exercising his right to free speech in interacting with the voters of Denton County Precinct 4.

**B. The elements of a cause of action for defamation.**

In general, a plaintiff must establish the following elements to prevail on a claim of defamation:

1. The defendant published a statement of fact;

2. The statement referred to the plaintiff;

3. The statement was defamatory;

4. The statement was false;

5. With regard to the truth of the statement, the defendant was:

    a. Acting with malice,

    b. Negligent; or

    c. Strictly liable.

6. The plaintiff suffered pecuniary injury or was defamed per se allowing a presumption of pecuniary injury.

*See, e.g., Bentley v. Bunton,* 94 S.W.3d 561, 579-590 (Tex. 2002). However, causes of action for written defamation (libel) and oral defamation (slander) are distinct and have slightly different elements. *Exxon Mobil Corp. v. Hines*, 252

S.W.3d 496, 501 (Tex. App. – Houston [14th District] 2008, pet. denied). In addition, defamatory statements are broken down into those that are actionable in themselves (*per se)* and those that are only actionable following an allegation and proof of special damages (*per quod*). *Id.*

In his Response to the Motion to Dismiss, Hughey pleads defamation on defamation *per se,* not *per quod*. (CR 77). Therefore this brief will focus primarily on libel and/or slander *per se*.

The court should also be aware of the consequences of Hughey's concession that he is a "public official" for the purposes of the defamation analysis because the statements concern his fitness for a public office he sought. *See, e.g., Monitor Patriot Co. v. Roy*, 401 U.S. 265, 273-274 (1971); *Guinn v. Texas Newspapers, Inc.*, 738 S.W.2d 303, 305 (Tex. App. Houston [14th] 1987, writ denied).

**C. The statements are not defamatory as a matter of law.**

Whether the statement at issue is capable of defamatory meaning initially is a question of law for the court. A statement is only defamatory as a matter of law if its defamatory meaning is unambiguous in the minds of ordinary readers, without referring to any meaning attributed to it by the plaintiff or defendant. *A.H. Belo & Co. v. Looney*, 246 S.W.2 762, 768-69 (Tex. App. – Texarkana 1916), *aff'd*, 246 S.W. 777 (Tex. 1922). To determine whether the words are used are reasonably capable of a defamatory meaning, the publication must be construed as

a whole in light of the surrounding circumstances based on how a person of ordinary intelligence would perceive it. *Turner v. KTRK TV, Inc.,* 38 S.W.3d 103, 113 (Tex. 2000).

Read in compliance with Turner, the statements at issue are not simply defamatory *per se.* These statements do not:

1. Injure his personal reputation and clearly expose him to public hatred, contempt, ridicule, or financial injury - *Gartman v. Hedgepeth*, 157 S.W.2d 139, 140-141 (Tex. 1941);

2. Impeach his honesty - *Gartman v. Hedgepeth*, 157 S.W.2d 139, 140-141 (Tex. 1941);

3. Expose natural defects and clearly expose him to public hatred, contempt, ridicule, or financial injury - *Gartman v. Hedgepeth*, 157 S.W.2d 139, 140-141 (Tex. 1941);

4. Injure his business reputation – *Morrill v. Cisek*, 226 S.W.3d 545, 549 (Tex. App. – Houston [1st Dist.] 1989, writ den'd);

5. Impute his performance of a crime – *Leyendecker & Assoc. v. Wechter*, 683 S.W.2d 369, 374 (Tex. 1984);

6. State he has a loathsome disease – *Villasenor v. Villasenor,* 911 S.W.2d 411, 418 (Tex. App. – San Antonio 1995, no writ); or,

7. Impute sexual misconduct. *Marshall v. Mahaffer*, 974 S.W.2d 842, 949 (Tex. App. – Beaumont 1998, pet. denied).

As a result –Hughey has not met his statutory burden to prove that a *per se* defamatory statement was made by Hand.

Something brought Hughey to the General Election polls in 2008 when he had not voted in the 2008, 2010, and 2012 Republican primaries or the 2006, 2010,

and 2012 general elections. Hand is entitled to offer his opinion as to what the motivation might have been. Voters are free to have their own opinion. But, whether Hughey voted for Obama in 2008 or undervoted or voted for a different candidate cannot serve as the basis for a defamation *per se* case. The act of voting in a general election is simply not something that damages a person's character and reputation in the community.

**D. The statements are not defamation *per quod*.**

When a statement has an ambiguous meaning – that is one defamatory and one non-defamatory, innuendo or implication can be used to explain the statement's true meaning. *Turner v. KTRK TV, Inc.,* 38 S.W.3d 103, 113 (Tex. 2000). Again, the statements are considered in their entire context.

The test for actionable defamation by innuendo is not how the statement might be construed by the plaintiff, but how the statement would be construed by the average person or the general public. *Durckel v. St. Joseph Hospital*, 78 S.W. 3d 576, 585 (Tex. App. – Houston [14th Dist.] 2002, no pet.).

Here the complained of statements are not "ambiguous" as defined by the *Turner* court. One candidate is clearly offering an opinion that he has participated more in the relevant political party than the other. Read in context, the complained of flyer and campaign statements are opinions like "I am a more active Republican than you based on your voting record" or "I am a more involved

citizen than you based on your voting record."

Even if these statements were false, which they were not, they are simply not defamatory.

**E. The complained of statements are substantially true.**

To prove an action for defamation, the complained of statements must be false. *See, e.g., Neely v. Wilson*, 418 S.W.3d 52, 62 (Tex. 2013). When a plaintiff is required to prove malice, the burden to prove falsity lies on the plaintiff. *Bentley v. Bunton*, 94 S.W.3d 561, 586 & n. 62 (Tex. 2002); *Casso v. Brand*, 776 S.W.2d 551, 554 (Tex. 1989). Here Plaintiff admits that he has the burden to prove malice. (CR 65).

In all defamation cases the courts use the substantial truth test to determine if a statement was false. *Neely*, 418 S.W.3d at 63. Under the substantial truth test a statement is not considered false unless it would have a different effect on the mind of a listener than the true statement would. *Id.* at 63-63. If the document or statement correctly conveys the gist of a story or situation, but is incorrect in some details, then it is substantially true. *Turner v. KTRK, Inc.,* 38 S.W.3d 103, 115 (Tex. 2000).

Here the "gist" of the flyer is substantially correct based on the Plaintiff's own evidence. According to the certified records from Denton County produced by Plaintiff, since 2006 Plaintiff voted in only one general election – 2008 – out of

four. (CR 84)  The same record shows that since his 2006 registration, Plaintiff had not voted in a Republican Primary until 2014. (CR 84).  Going further back, while Plaintiff had voted in 3 general elections between 1990 and 2005 – out of 8. (CR 86).  And, there is still no record of Plaintiff voting in a Republican primary from 1990 to 2013.  (CR 84, 86).

So, while Plaintiff is correct that he had voted in some other elections, under the *Turner* test, the gist of the flyer and subsequent conversations pointed to by Plaintiff are substantially correct.  Plaintiff failed to even offer his own testimony that "he did not vote for Obama" in 2008, explain his failure to vote in the 2012 general election, explain his failures to vote in the other general elections, or offer evidence that he had voted in a Republican Primary at some point in his life prior to 2014.

Hughey simply has no evidence of the substantive falsity of the statements. Hughey's simple disagreement with Hand about the flyer and the truthfulness of the statements in it or relying on it is not enough to meet this standard.  As a result, Hughey's claim for defamation fails. Although, Hughey may be disappointed that he lost a close race, the fact he does not like losing does not make the flyer illegal.

## F.  Hughey failed to show evidence of causation or damages.

Since Hughey failed to provide evidence to support a prima facie finding that the statements he complains about were false, let alone defamatory, he has

failed to show that any wrongful acts by Hand were a proximate cause of his defeat in the primary election or his alleged damage of the lost office of Justice of the Peace.

❖❖❖❖❖❖❖❖❖❖
**PRAYER**
❖❖❖❖❖❖❖❖❖❖

WHEREFORE, PREMISES CONSIDERED, Jays W. Hand prays that the Denial of the Motion to Dismiss be reversed, and a take-nothing judgment be rendered in his favor extinguishing the claims brought by Harris Hughey against him. The Court should also direct the trial court to award Hand his costs and attorney's fees and the statutorily mandated sanction to deter such frivolous claims in the future.

Respectfully submitted,

JOHNSTON LEGAL GROUP PC

By:    _/s/**MICHAEL JOHNSTON**_____
Michael W. Johnston
State Bar No. 10840300
Nathan Schattman
State Bar No. 00791606
4200 Airport Freeway
Fort Worth, Texas 76117
Telephone: (713) 830-4816
Facsimile: (713) 830-4815

ATTORNEYS FOR JAY W. HAND

❖❖❖❖❖❖❖❖❖❖

# CERTIFICATE OF SERVICE

❖❖❖❖❖❖❖❖❖❖❖

This is to certify that pursuant to the Applicable Rules of Civil Procedure, the above document, including attachments, was served upon the following attorney(s) of record and pro se parties on the ____24th_____ day of __September_____, 2015, by the method indicated:


_____In Person to:
_____By Regular U.S. Mail to:
_____By Courier Delivery to:
_____By Certified Mail, Return Receipt, Requested to:
_____As directed by the Court via e-filing to:
__X__        By facsimile to:
__X__        By E-Mail to:

    **VIA Facsimile:  (888) 743-5203**
    **VIA E-MAIL:  SRD@srdesq.com**
    Scott R. Doody
    LAW OFFICES OF SCOTT R. DOODY
    420 Throckmorton Street, Suite 200
    Fort Worth, Texas 76102



    _/s/**Michael Johnston**_____
    Michael W. Johnston

**Appeal No. 02-15-239-CV**

**IN THE SECOND DISTRICT COURT OF APPEALS
AT FORT WORTH, TEXAS**

❖❖❖❖❖❖❖❖❖❖❖

**JAY W. HAND
– Appellants/Defendants**

**v.**

**HARRIS HUGHEY
– Appellee/Plaintiff**

**On Appeal from the 367th Judicial District Court
Denton County, Texas,
The Hon. Vickie Isaacks presiding**

❖❖❖❖❖❖❖❖❖❖❖
**CERTIFICATE OF COMPLIANCE**
❖❖❖❖❖❖❖❖❖❖❖

This is to certify that this Brief complies with the word count limit of Texas Rule Appellate Procedure 9.4(i)(3). Utilizing the word count feature of Microsoft Office Word 2007 this Brief contains _4,762_ words.

_/s/*Michael Johnston*_____
Michael W. Johnston

**Appeal No. 02-15-239-CV**

**IN THE SECOND DISTRICT COURT OF APPEALS
AT FORT WORTH, TEXAS**

❖❖❖❖❖❖❖❖❖❖❖

**JAY W. HAND
– Appellants/Defendants**

**v.**

**HARRIS HUGHEY
– Appellee/Plaintiff**

**On Appeal from the 367th Judicial District Court
Denton County, Texas,
The Hon. Vickie Isaacks presiding**

❖❖❖❖❖❖❖❖❖❖❖

**APPENDIX OF APPELLANT**

❖❖❖❖❖❖❖❖❖❖❖

<u>**LIST OF DOCUMENTS**</u>                                              **TAB**

Order Denying Motion to Dismiss (CR 655)……………………………… 1

Order Granting Motion to Dismiss (CR 576)……………………………. 2

The Hand Campaign Flyer (CR 165)……….………………………… 3

Hughey Affidavit (CR 252) …………….….……………………… 4

TAB 1

Exhibit I

NO. 14-08039-367

| | | |
|---|---|---|
| HARRIS HUGHEY<br>Plaintiff, | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | 367TH JUDICIAL DISTRICT |
| | § | |
| J W HAND AND DONALD SHIELDS<br>Defendants. | § | |
| | § | OF DENTON COUNTY, TEXAS |

## ORDER GRANTING DEFENDANT'S FIRST AMENDED MOTIONS TO DISMISS UNDER THE TEXAS CITIZEN'S PARTICIPATION ACT

On March 20, 2015, the Court considered the First Amended Motions to Dismiss under the Texas Citizen's Participation Act, filed by Movants, J W HAND and DONALD SHIELDS and came the parties by and through their respective attorneys of record.

The Court determined after considering said Motions and the arguments and authority of Counsel, that said Motions should be in all things **GRANTED**.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** by the Court that Defendant J. W. HAND's Motions to Dismiss under the Texas Citizens' Participation Act and Defendant DONALD SHIELD's Motions to Dismiss under the Texas Citizen's Participation Act, be, and are hereby in all things **GRANTED**.

April 20, 2015

_____
JUDGE PRESIDING

TAB 2

FILED: 7/2/2015 9:56:00 AM
SHERRI ADELSTEIN
Denton County District Clerk
By: Elizabeth Jones, Deputy

## CAUSE NO 14-08039-367

| | | |
|---|---|---|
| **HARRIS HUGHEY** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **367th JUDICIAL DISTRICT** |
| | § | |
| **J W. HAND AND DONALD SHIELDS** | § | **OF DENTON COUNTY, TEXAS** |

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS UNDER THE TEXAS CITIZEN'S PARTICIPATION ACT AFTER RECONSIDERATION

On June 30, 2015, the Court considered Plaintiff's Motion for New Trial and Request for Reconsideration of Defendants' Motions to Dismiss. The parties appeared by and through their respective attorneys of record. After reconsideration of Defendant J.W. Hand's Motion to Dismiss Under the Texas Citizens' Participation Act and Defendant Donald Shields' Motion to Dismiss Under the Texas Citizens' Participation Act and the arguments and authority presented by Counsel, the Court finds that Defendant J.W. Hand's Motion to Dismiss Under the Texas Citizens' Participation Act and Defendant Donald Shields' Motion to Dismiss Under the Texas Citizens' Participation Act should be in all things **DENIED**.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** by the Court that, upon reconsideration, Defendant J.W. Hand's Motion to Dismiss Under the Texas Citizens' Participation Act and Defendant Donald Shields' Motion to Dismiss Under the Texas Citizens' Participation Act be, and are hereby, in all things **DENIED**.

SIGNED on this __2nd__ day of ____July____, 2015.

_____
JUDGE PRESIDING

---

ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS      SOLO PAGE

Cause No. 14-08039-367: Harris Hughey v. J.W. Hand et al

655

TAB 3

# Don't Fall for it, Denton County!
## Get to Know the *REAL* Harris Hughey

Prior to his own election two months ago Mr. Hughey had **NEVER** voted in a Republican Primary election.

The only election Mr. Hughey ever voted in was *2008*, when Barack Obama won the Presidency ... *Don't you wonder what brought him out to vote that year?*

*Don't fall for slick — asking page*

## Vote J HAND on May 27th
- ✓ Life-long Grassroots Conservative
- ✓ Full-Time Justice of the Peace
- ✓ Protector of YOUR Tax Dollars

**VOTING HISTORY**

H. HUGHEY

| 12 | 11 | 10 | 09 | 08 | 07 | 06 | 05 | 04 | 03 | 02 | 01 | 00 | 99 | 98 | 97 | 96 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | X | | | | | | | | | | | | |

The actual Voting Record of Harris Hughey

| | |
|---|---|
| General | |
| Primary | |
| Runoff | |
| Special | |
| Reg. Status | Registered |
| Likely Party | UNKNOWN |
| Sex | Male |
| DOB(Age) | 5/28/2006 |
| DOR | |

- ✓ Has paid tens of thousands of dollars to a *slick* Austin consulting firm to rebrand his lack of experience and negligent voting record.
- ✓ Questionable professional skills
- ✓ **DOESN'T VOTE!**
- ✓ **Part-Time Justice of the Peace**

*Harris Hughey has said publicly that he intends to keep his current business open. How can he best serve the residents of Precinct 4 as a Part-Time Justice of the Peace?*

"This man is rude! I was left uninformed for the 4 months after I gave him my ticket. He then gave me two weeks notice to pay a nearly $200 fee. When I told him I was dissatisfied with his service he criticized me saying two weeks is plenty of notice. I am not sure what I paid this man to do, and when asking him he was condescending and hung up on me. He is not worth your money stay away and go to court yourself!"

Actual review from a Hughey client

FIRST CLASS
PRESORTED
US POSTAGE
PAID
PERMIT #43
DENTON TX



EXHIBIT P-7
WIT: Hand
DATE 2.26.2015
TONIE THOMPSON, CSR, RPR

TAB 4

STATE OF TEXAS                         §
                                       §
COUNTY OF TARRANT                       §

### <u>AFFIDAVIT OF HARRIS HUGHEY</u>

Before me, the undersigned authority personally appeared Harris Hughey, who, being duly sworn by me, deposed and stated as follows:

"My name is Harris Hughey. I am over the age of 18 years of age, I am of sound mind, capable of making this Affidavit, and I am fully competent to testify to the matters stated in this Affidavit. I have personal knowledge of each of the matters and statement contained herein in this Affidavit, and each is true and correct.

"As a candidate for the Justice of the Peace, Pct. 4 position, I was invited to speak at the May 20, 2014 Flower Mound candidate forum. Also in attendance were J Hand and Donald Shields.

"At the forum, both candidates were asked if they had run a reputable campaign. In response to this question, I held out certified copies of my voting records from both Denton County and Tarrant County to refute the misrepresentations from J Hand's campaign flyer that the only time I had ever voted was in 2008. When I held out the voting records, I held them at arm's length and turned from side to side, including turning towards J Hand who was seated very closely. I also invited anyone in attendance to come forward to inspect the documents. When I sat down after answering the question, the documents were left out and were within arm's length of J Hand and available to him.

"After I showed my voting record, J Hand remarked to the crowd 'who carries around their voting record anyway?'"



Harris Hughey

SWORN TO AND SUBSCRIBED BEFORE ME on _March 14, 2015_ to which witness my hand and official seal of office.

WENDY P. CORDOVA
Notary Public, State of Texas
My Commission Expires
March 26, 2017

Notary Public

---

AFFIDAVIT OF HARRIS HUGHEY – SOLO PAGE