**Appeal Dismissed and Memorandum Opinion filed October 18, 2018.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00824-CV

## BARNARD ED ANDERSON, Appellant

### V.

## BEALL VILLAGE, Appellee

**On Appeal from County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 1095925**

## M E M O R A N D U M   O P I N I O N

This is an attempted appeal from a judgment signed February 21, 2018. A notice of appeal must be filed within 30 days after the judgment is signed when no timely post-judgment motion is filed. *See* Tex. R. App. P. 26.1. The deadline is extended to 90 days after the judgment is signed if an appropriate post-judgment motion is timely filed. *See* Tex. R. App. P. 26.1(a). The deadline to file such a post-judgment motion is 30 days after the judgment is signed. Tex. R. Civ. P. 329b(a). In this case, the deadline to file a post-judgment motion was March 23, 2018.

The clerk's record contains a document entitled, "Plaintiff's Plead to Clerk's (Notice of Order for Defendant)." Though the document is difficult to understand, it appears to challenge the February 21, 2018, judgment. Any post-judgment motion, which, if granted, would result in a substantive change in the judgment as entered, extends the time for perfecting the appeal. *Gomez v. Tex. Dep't of Crim. Justice*, 896 S.W.2d 176, 177 (Tex. 1995). We therefore liberally construe that document as a post-judgment motion that, if it was timely filed, extended the time for appellant to file a notice of appeal.

The document bears a file-stamp date of March 28, 2018, which is more than 30 days after the judgment was signed. However, the clerk's record suggests the document was properly addressed and mailed to the trial court by first-class U.S. mail on March 21, 2018, a date within the 30-day deadline under Texas Rule of Civil Procedure 329b(a). Because the document was mailed within the 30-day period and the clerk received it within 10 days of mailing, the document is deemed timely filed under the "mailbox rule." *See* Tex. R. Civ. P. 5.

Due to his timely filing of a post-judgment motion, appellant's deadline to file a notice of appeal was May 22, 2018, which was 90 days after the judgment was signed. No notice of appeal was filed on or before May 22, 2018. The clerk's record contains a letter from appellant that the clerk appears to have treated as a notice of appeal. The record does not reflect when the letter was mailed, but the letter bears a file-stamp date of September 4, 2018. The letter suggests appellant mailed documents directly to the First Court of Appeals on July 24, 2018, in an attempt to appeal. Even if we construe the alleged mailing to our sister court as a bona fide attempt by appellant to perfect an appeal, that attempt was made more than two months past the 90-day deadline of May 22, 2018.

A motion for extension of time is necessarily implied when an appellant,

2

acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the 15-day grace period provided by Texas Rule of Appellate Procedure 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (1997) (construing the predecessor to rule 26). Appellant's notice of appeal was not filed within the 15-day period provided by rule 26.3.

A court of appeals lacks jurisdiction to hear an appeal that was not timely perfected. When the court lacks jurisdiction, it must dismiss the appeal. *See Baker v. Baker*, 469 S.W.3d 269, 272 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

On September 21, 2018, we notified the parties of our intent to dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a). Appellant filed no response.

The appeal is dismissed for lack of jurisdiction.


PER CURIAM


Panel consists of Justices Donovan, Wise, and Jewell.